WILLIAM MORRISON, Appellant, *v.* ELIAS C. HANCOCK and THE SOUTHERN HOTEL COMPANY, Respondents.

1. *Mechanic's Lien—Contractor—Owner—Furnishing Materials—Evidence.*—In an action under the Mechanic's Lien Law, to enforce a lien for materials furnished to the contractor with the owner of the building, it is not necessary for the plaintiff to show that the materials furnished were actually used in the construction of the building; it is sufficient that (in the absence of collusion and fraud) the materials were furnished for the purpose of being used in the building. The statements of the contractor are admissible in evidence to show the purposes for which the materials were purchased.

2. *Mechanic's Lien—Agent—Contractor.*—The contractor with the owner for the erection of the building, under the Mechanic's Lien Law, is so far the agent of the owner that he can bind the property by all contracts for materials and labor necessary to complete the building.

*Appeal from St. Louis Circuit Court.*

*Garesché & Mead,* for appellant.

I. The receipts or tickets are evidence, and should not have been excluded. Whenever the act of the agent is admissible, his declarations, at the time, are evidence as part of the *res gestæ*—1 Greenl. Ev. § 113 ; Gamble v. Johnson, 9 Mo. 616 ; Marr v. Hill, 10 Mo. 323 ; Pool v. Bridges, 4 Pick. 378 ; Odd Fellows' Hall v. Musser, 24 Penn. 510 ; Crowther v. Gibson, 19 Mo. 365.

II. The court had no right verbally to instruct the jury— Prac. at Law, 1268, § 47, R. C. 1855; Mattison v. State, 6 Mo. 402; Bichler v. Coonce, 9 Mo. 347, 350.

III. The plaintiff, in the absence of any fraud or collusion, and upon the proof that he had first notified the hotel company before he delivered the lumber, was entitled to recover —Wallace v. Melchoir, 2 Browne, 104; 2 Sergt. & R. 172. And where a similar delivery of materials was proven— Greenway v. Turner, 4 Md. 305; White v. Miller, 18 Penn. 54. Such laws are constitutional; they deprive no one of his property, but on the contrary secure to every one what is justly due to him, giving each one priority of right according to the claims of natural justice—Dubois Adm'r v. Wilson, 21 Mo. 214.

*Whittelsey*, for respondents.

This was a suit to recover judgment against Hancock & Stannard as contractors, and to enforce a mechanic's lien against the Southern Hotel. Hancock made default; Stannard was not served; the hotel company answered, denying all the allegations of the petition. The plaintiff dismissed the suit as to Stannard.

At the trial plaintiff proved the sale of the lumber sued for and its delivery at the mill of H. & S., but entirely failed to prove that it was used in the construction of the defendant's building so as to create a lien. To supply this defect, plaintiff inquired of witnesses as to what Hancock, the defendant, had said as to the purposes for which the lumber was intended, to be used. To this the hotel company objected upon the ground that H. was not its agent so as to bind the company, and that its property was subject to a lien, not by contract, but from the fact that the materials were used in the building. The court sustained the objection and plaintiff excepted.

The court put the issue to the jury to decide whether the materials were used in the hotel, and instructing them that Hancock's statements could not affect the hotel company.

The jury found that the materials were not used in the hotel. Judgment refusing to enforce the lien.

As the plaintiff was only a sub-contractor, his right to a lien depended upon his compliance with the statute, showing that the materials were furnished and used in the construction of the hotel building—Sess. Acts 1856–7, p. 668 § 1; Hause v. Carroll, 37 Mo. 578; Hause v. Thompson et al., 36 Mo. 450. As the contractors were not agents for the owners of the building, they could not bind the company by mere contract; not being agents, their statements constituted no part of the *res gestæ*. Hancock not being agent for the company, his statements as to the purposes for which he purchased the lumber were mere hearsay as to the company, and could not affect the company in any way, it being shown that the lumber was not delivered at the building, but at a different place, and there being no evidence that it was used in the building.

FAGG, Judge, delivered the opinion of the court.

The giving of improper instructions, and the exclusion of competent evidence offered on the part of the appellant, constituted the errors chiefly complained of in this case.

This was a proceeding in the St. Louis Circuit Court to enforce a lien against the Southern Hotel, in the city of St. Louis, for lumber furnished for the building of the same. The defendants, Hancock & Stannard, were alleged to be the contractors for the building, and the parties at whose instance the materials were furnished.

The suit was dismissed as to Stannard, and upon the trial the jury found for the plaintiff only as against the other defendant, Hancock, and judgment was rendered accordingly. The only answer in the case was a separate one on the part of the hotel company. No appearance was entered for either of the other defendants.

It is shown by the bill of exceptions that, at the conclusion of the testimony on the part of the plaintiff, the court was asked to declare that there was no legal evidence to au-

thorize the plaintiff's recovery. This was refused, but accompanied by a verbal statement on the part of the judge, which is said to be erroneous, as tending to influence the jury in their estimate of the evidence. The remark that he did not feel authorized to do so under the law as laid down by this court, was not sufficient to warrant any inference on the part of the jurors prejudicial to plaintiff's case. The instructions given, as well as the exclusion of the testimony offered by plaintiff, explains the theory upon which the case was tried.

The first section of the act, under which this suit was brought, is as follows: " Section 1. That every mechanic, artisan, workman, or other person doing or performing any work upon, *or furnishing any materials for buildings*, &c., shall have a lien upon the same, &c., whether he or they be employed by the owner, agent, contractor, sub-contractor, or other person, each for his own work done and materials furnished."—Sess. Acts 1857, p. 668.

The plaintiff offered to show, by persons in his employ at the time the bill of lumber was furnished, the declarations of Hancock & Stannard, as to the purposes for which they had made the purchase. This was excluded by the court, and the jury afterwards instructed that they were to ascertain whether this particular lumber was actually used in the building of the hotel or not, and the statements made by these contractors must be excluded from their consideration in determining this question. Such a construction of this statute would, in our judgment, defeat the very ends for which it was made, and make it a snare to entrap the unwary mechanics and material men, instead of affording them the protection which the law intended.

It is admitted by the pleadings that Hancock & Stannard were the contractors for the carpenter work in this building. It is to be inferred from this fact that the kind of lumber purchased from the plaintiff was necessary in carrying out their contract with the company. There is enough in this transaction to show that the credit was given, not to the con-

tractors, but to the building then in course of construction. Under the provisions of the special law authorizing this proceeding, these contractors, for certain purposes and to a certain extent, are to be treated as the agents of the company, with authority to bind it to the extent of the material necessary to complete their contract. All that the plaintiff is required to show, is the fact that the materials were furnished for the purpose of being used in constructing the building. It would be altogether unreasonable to require him to follow those materials from his lumber yard to the building, and to make positive proof of the fact that they were actually used for the purposes for which they were alleged to have been purchased. Such a thing is not only a matter of extreme inconvenience in all cases, but in a majority of instances must be totally impracticable. In contemplation of law the owner of the building, by employing a person to do the work, does thereby clothe him with authority, not to bind him individually and to an unlimited extent, as an ordinary agent might do, but so far as the procuring of materials and labor may be necessary to complete his contract. He can make no contract that would confer a personal obligation upon his principal, but upon the building itself, wherever the steps pointed out by the law, and necessary to create this obligation, are properly taken.

This view of the case, of course, excludes the idea of any fraud or collusion between the material man and the contractor. Nothing of that sort is pretended here. There is nothing to show that the amount of the lumber or its character was sufficient to raise a presumption on the part of the plaintiff, that it could not have been really the intention of the contractors to apply it to the purposes indicated by their contract. It is not objected that the proper steps were not taken by the plaintiff to secure his lien, and the whole case rests simply upon the point, whether it would be required of him to make out his case without being permitted to show what the contract between the contractors and himself was after excluding their statement, and also that these materials

were actually used in the construction of the building. We think that the court erred upon both of these points. No injury can be done to the company by such a construction of this statute. It requires that the party, who seeks to avail himself of the benefit of the lien provided for, shall give due notice of an intention to file the necessary account at least ten days beforehand. This was done. The suit was commenced within the period of four months as required. It was in the power of the company to protect itself against any loss on account of the plaintiff's demand, by withholding so much from these contractors in their settlements, until the question of its liability to the plaintiff was settled. The construction thus given to this statute can work no injury to the defendant, and is absolutely necessary to the protection of the plaintiff.

The other judges concurring, the judgment of the court below will be reversed and the cause remanded for further trial.