IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI.

OCTOBER TERM, 1875, AT JEFFERSON CITY.

---

*SIMMONS, GARTH & Co., Respondents, *vs.* MILO CARRIER, *et al.*, Appellants.

1. *Mechanic's lien—Attaches only to structure in which material was actually used—Statute and cases construed.*—The present mechanic's lien law gives the material man a lien only on the building, into the construction of which the material actually entered. The words, "with intent to defraud the person from whom the materials were purchased," etc., used in § 23 of the mechanic's lien law (Wagn. Stat., 912); must be construed to mean "with intent to deprive him of the lien on which he relied at the time of making the sales." Morrison v. Hancock, 40 Mo. 561 and Hoffman v. Walton, were cases construing the act of 1857 (Sess. Acts 1857, p. 668) before the present modification of the law governing mechanics' liens.

*Appeal from Henry Circuit Court.*

*LaDue & Fyke,* for Appellants.

*McBeth & Price,* for Respondents.

---

* This case was decided at the January Term, 1875, at Jefferson City, but through mistake was not published in its regular order.—Rep.

HOUGH, Judge, delivered the opinion of the court.

This was an action brought by plaintiffs, under the statute in relation to mechanics' liens, against Milo Carrier as contractor and Hannah W. Roberts as owner of the premises sought to be charged with the lien, and John Roberts, her husband, to recover the sum of $1,228.06 for materials furnished by plaintiffs to said Carrier, for the erection of a store house for the defendant, Hannah Roberts on said premises, and to enforce a lien thereof. The petition contained all the necessary averments.

Mrs. Roberts and her husband answered, denying that the quantity and value of the materials furnished were as alleged; denying the filing of any lien, and averring that the account filed with the clerk was not a just and true account; that plaintiffs had intentionally failed to give all just credits to which defendants were entitled; that all the materials furnished by plaintiffs to Carrier were not used in the building of defendant Roberts, and that the plaintiffs and the defendant Carrier, had colluded to cheat and defraud the defendant Roberts. Plaintiffs replied denying these allegations. Carrier made no defense. The jury returned a verdict for plaintiffs for the sum of $780.40, and found the same to be a lien upon the premises described in the petition.

At the trial the defendants objected to the introduction in evidence of the statement filed as a lien, for the reason that it was not stated therein who was the owner of the building against which the lien was sought to be enforced, nor who was the contractor. The objection was overruled, the lien admitted, and defendants excepted. The statement filed as a lien consisted of an itemized account of the lumber and materials furnished to Milo Carrier for John and Hannah Roberts, and an affidavit of said Carrier that he bought said materials as contractor for the erection of a store house on the lot described in the petition for his co-defendants, and that the same was used by him in said building; also an accurate description of the premises signed by Samuel D.

Garth & Co., and an affidavit of Samuel D. Garth that the account was just and true after allowing all just credits, and that Hannah W. Roberts was owner of the lot and building described, and that the same was duly described, and that the account accrued within four months. The whole statement taken together contained everything required by the statute, and though not as formal as it might have been made, was certainly sufficient and was properly admitted in evidence.

The testimony was conflicting as to the quantity of materials used in the construction of the building, and also as to the amount of the payments made on the account filed. The verdict of the jury is conclusive on these points, if it shall be found that the case was submitted to them under proper instructions. Among others the following instruction was given for the plaintiff. " The court instructs the jury that it is not necessary for the plaintiffs (to entitle them to a lien) to prove that the lumber furnished was actually used in the construction of the building; it is sufficient in the absence of collusion or fraud, that the lumber was furnished for the purpose of being used in the building."

Among the instructions given for the defendants was the following : " The court instructs the jury that before you can find for plaintiffs in any sum in this cause against said Hannah and John Roberts, you must believe from the evidence that Simmons, Garth & Co. furnished to Milo Carrier lumber and material to be used in the construction of said building; and that said lumber and material was used in the construction of said building, and that said lumber and material, or some portion thereof, remains unpaid for."

These instructions are diametrically opposed to each other. One affirms the proposition that a material man may have a lien on a building, into the construction of which, not an atom of his property has entered, provided only the property for which he claims a lien was furnished by him to be used in the construction of such building. The other denies it.

In support of the position assumed by the plaintiffs, we are cited to the case of Morrison vs. Hancock, 40 Mo. 561.

The statement of facts in that case is meagre, and the language of the opinion slightly obscure, and it may be doubted whether it was intended to decide more than that evidence by the plaintiff that the materials were furnished for the purpose of being used in the construction of the building, would make a *prima facie* case, and that the statements of the contractor, at the time of making the purchase, were admissible for that purpose. However this may be, that case was a construction of the Act of February 14th, 1857, "for the better security of mechanics and others erecting buildings or furnishing materials for the same in the county of St. Louis," (Sess. Acts 1857, p. 668), and is at most only persuasive authority for the construction contended for by the plaintiffs, of the general law in relation to mechanics' liens, now in force.

The law, as it now stands, first appeared in the General Statutes of 1865, and is a re-enactment for the whole State of the special act for St. Louis county, with some very important modifications and several new sections.

Section 23 of this law deserves especial consideration. It is as follows: "Any contractor or sub-contractor who shall purchase materials on credit and represent at the time of said purchase that the same are to be used in a designated building or other improvement, and shall thereafter use, or cause to be used, the said materials in the construction of any building or improvement other than that designated, with intent to defraud the person from whom the materials were purchased, without first giving due notice to the person from whom the materials were so purchased, shall be deemed guilty of a misdemeanor and, on conviction, shall be punished by a fine not exceeding five hundred dollars." If the proposition asserted in the plaintiff's instruction be correct, it is difficult to perceive how this section can have any intelligible meaning. If the right of a material man to a lien is to remain unaffected by the fact that the materials furnished to the contractor are not used in the construction of the building, in which it was represented by the contractor at the time of purchase they

were to be used, but are used in some building other than the one so designated, how is it possible that such use can be made with intent to defraud the person from whom the materials were purchased? He can only be defrauded by being deprived of the lien he supposed he would have, at the time he parted with the goods, without having any other lien in lieu thereof; or by the substitution of a lien of value inferior to the one he supposed he was getting; and in either event he loses the lien on the building, for the construction of which he sold the materials, for he certainly cannot have a lien on the building, into the construction of which they did enter, and also on the one into the construction of which they did not enter, but for which they were sold.  The words " with intent to defraud, etc.," must therefore be held to mean "with intent to deprive the material man of the lien on which he relied at the time of making the sales."  If this section cannot be otherwise rationally construed, then in order that it may stand in harmony with the other provisions of the law, the sections giving a lien to the material man must be construed to give it only when the materials actually enter into the construction of the building sought to be charged, and we have no hesitation in so holding, and we do not think this doctrine will be productive of either hardship or injustice.  It follows that the instruction given for the plaintiffs was erroneous; and the cause having been submitted on contradictory instructions, this court cannot determine the probable effect of this misdirection on the verdict of the jury, and the judgment will be reversed and the cause remanded.  It will not be necessary to notice in detail the remaining instructions given by the court. They related chiefly to the evidence in regard to the credits which it was claimed were allowed or should have been allowed, and the effect of filing an incorrect account, and were substantially correct.  It may not be improper to add that the 11th section of the present law in relation to mechanic's liens is a re-enactment of the 10th section of the law of 1857 with additional provisions; and that the case of Hoffman vs. Walton, (36 Mo., 613,) cited by appellant's counsel, which

construed the law of 1857 prior to the modification above noted, is not applicable to the case at bar.

The judgment is reversed and the cause remanded; the other judges concur, Judge Vories absent.