Schulenberg v. Prairie Home Institute.

AFFIRMED.

---

Schulenberg v. Prairie Home Institute et al., Appellants.

| 65 | 295 |
| 97 | 52 |
| 33a | 407 |
| 65 | 295 |
| 54a | 220 |
| 65 | 295 |
| 72a | 261 |
| 65 | 295 |
| 170 | 604 |

Material Man: LIEN OF. Under the mechanics' lien law, a material man is not entitled to a lien for lumber furnished to a sub-contractor to be used in the construction of a building, unless it was actually so used.

*Appeal from Cooper Circuit Court.*—Hon. George W. Miller, Judge.

In addition to the facts which appear in the opinion of the court, it may be stated that the principal contractors, under whom defendant Ross had the sub-contract, filed a separate answer, in which they alleged that " more than four months had elapsed from the sale to Ross by plaintiffs of the material used in said building, before the lien was filed."

*Owens & Wood* for the Prairie Home Institute, appellant.

*Draffen & Williams* for respondent.

Hough, J.—This was a suit to enforce a mechanics' lien

for certain lumber furnished by the plaintiffs, under a contract with the defendant Ross, who was a sub-contractor, to be used in the erection of a building, for the Prairie Home Institute. The petition stated all the facts necessary to give a lien, and among them that the lumber was used in the construction of said building. The defendant Ross made default. The answer of the Prairie Home Institute was framed under the act of March 18, 1875 (acts 1875, p. 106), and was a general denial of any knowledge or information sufficient to form a belief as to the truth or falsity of the facts stated in the petition. This was a sufficient denial that the materials in question were used in the defendant's building. The defendant asked the court to instruct the jury that, unless they believed from the evidence that the lumber sued for was actually used in the construction of the building upon which the lien is claimed, they should find for the defendant, the Prairie Home Institute. This instruction the court refused to give, but instructed on this point that it was only necessary to find that the lumber was sold by plaintiffs to said Ross to be used in erecting the building mentioned in the petition. It was expressly decided in the case of *Simmons, Garth et al. v. Carrier et al.*, 60 Mo. 582, and in *Fitzpatrick v. Thomas*, 61 Mo. 516, that a material man has no lien upon any building save for such materials as actually enter into its construction, and in the former case instructions substantially the same as those now under consideration were presented by the respective parties at the trial and passed upon by this court. Under our ruling in that case, the instruction asked by the defendant in this case should have been given, and that given for the plaintiff should have been refused. For this error the judgment of the circuit court will be reversed and the cause remanded. All concur.

REVERSED.