SIMMONS v. CARRIER, *et al., Appellants.*

1. **Evidence**: OPINIONS. A carpenter, engaged in buying lumber and building houses, may testify as to the cost of lumber in a house, his opinion having been formed by a comparison of it with certain lumber furnished by him for another house.

2. **Amendments.** The answer to a petition for a money judgment and to enforce a mechanic's lien averred that the sum sued for was not due at the filing of the answer, nor on the 6th day of January, 1872. On the second trial of the case, the defendant asked leave to amend by averring that the sum was not due when the action was commenced, which was refused; *Held*, no error.

*Appeal from Henry Circuit Court.*—HON. F. P. WRIGHT, Judge.

The facts of this case will be found in a former report in 60 Mo. 581.

The following are the instructions given and refused on the second trial. On the part of plaintiff the court gave the following instructions:

1. If the jury believe from the evidence that the

plaintiff furnished the lumber in question to Carrier, as contractor under the other defendants, to be used in the erection of the building mentioned in the petition, and that the same was so used by said Carrier, and that the plaintiffs did file the lien stated in the petition, then the plaintiffs are entitled to a judgment for the value of the lumber so furnished, less the amount paid thereon, if any. And whether or not defendant Roberts paid said Carrier therefor is no defense in this action.

2. The court instructs the jury that although they may find from the evidence that the plaintiff has unintentionally failed to enter the full amount of credits in his accounts filed with his statement of his lien, yet they will find for plaintiffs in such sum as the evidence shows remains now due and unpaid on plaintiffs' account.

3. If the jury believe from the evidence that Carrier received from Roberts the $500 in controversy, and paid over the same to plaintiffs without any previous agreement or any direction to apply the same as a credit on the bill of lumber furnished, if any, for Roberts' building, and that plaintiffs, after so receiving the same, applied it as a credit on the indebtedness of said Carrier to plaintiffs, then, in such case, the court instructs the jury that the plaintiffs had the right to apply said payment, and the defendants are not entitled to a credit for said sum, in this action, unless the $500 was paid to Garth by Carrier, and it was so understood between Garth and Carrier.

4. The jury will, if they find for plaintiffs, say in their verdict what sum, and will also determine as to whether the same is a lien on the building described in the lien.

5. The court instructs the jury that plaintiffs are entitled to six per cent. interest on whatever sum the jury may find to be due the plaintiffs from the date of filing the lien to the present time.

Defendants asked, and the court gave, the following instructions:

27—68

4. If the jury believe from the evidence that defendant Roberts paid Carrier the check of $500 on the contract for the Roberts building, and that Carrier paid said check to Garth, in obedience to a promise made in the presence of Garth to Roberts, and that Garth knew when he received said check of $500 from Carrier that the same had been paid to Carrier by Roberts, on said contract, to be paid to Garth, then the amount of said check should have been credited on said account of Carrier on Roberts' building in addition to the other credits testified to by Garth.

5. The court instructs the jury that if you believe from the evidence that the plaintiff has intentionally failed to give credit on the account filed in this cause of any sum paid by the contractor on said account, you will find for defendants Hannah and John Roberts, and will find that no lien exists against said building on said account, and will find against defendant Carrier only the amount due from said Carrier to the plaintiffs, on said account, as appears from the evidence to be due on said account.

Defendants asked, and the court refused, the following instructions, and the defendants excepted:

1. If the jury believe from the evidence that at the time of the sale of the lumber to defendant by plaintiffs, a credit of sixty days was given on the sale, and that plaintiffs began this suit before sixty days had expired upon any part of said account, then the finding must be for defendants.

2. The court instructs the jury that it devolves on the plaintiffs to prove affirmatively, by a preponderance of testimony, that the material sued for and included in his statement filed as a lien actually went into the construction of the building described in the petition, and unless he has done so you will find for defendants Hannah and John Roberts.

3. Even if they should find for plaintiffs they cannot include in their finding any item in the bill of lumber furnished less than sixty days before the commencement of

the suit on the 14th day of February, provided they believe from the evidence that the credit given by Garth & Co. was sixty days, and if the jury should even find for plaintiffs, they cannot include in their finding any item of the account which was furnished less than ninety days before the commencement of the suit on the 14th day of February, 1872, provided they believe from the evidence that the credit given by Garth & Co. was ninety days.

6. The court instructs the jury that if plaintiffs intentionally failed to give correct credits on the account which is filed in this cause as a lien, or that the materials furnished by him to said Carrier, and in said account mentioned, were not used in the construction of said building, then no lien exists against said building, and you will find for defendants Hannah and John Roberts.

7. The court instructs the jury that if you believe from the evidence that plaintiffs and defendant Carrier, connived together for the purpose of defrauding defendant Roberts, by filing against said Roberts' building a lien and account for a larger sum than was actually due said plaintiffs for materials furnished by him and used in the construction of said building, then no lien exists against said building, and you will find for defendants Hannah and John Roberts.

*M. A. Fyke* for appellants.

*John F. Philips, F. E. Savaye* and *R. C. McBeth* for respondents.

NORTON, J.—This cause has, heretofore, been before this court on the appeal of defendants, and the judgment was then reversed, because the instructions given by the court were contradictory, and because the jury were authorized by them to find for plaintiffs without finding that the materials furnished were used in the construction of the building upon which the lien was claimed. It is reported in 60 Mo. 581, to which we refer as containing a statement of the case. Upon a second trial plaintiffs again

obtained judgment, from which defendants have appealed and seek a reversal thereof, because of the action of the court in admitting evidence and in giving and refusing instructions.

On the trial plaintiffs introduced J. A. Carlisle as a witness, who, on his his re-examination was asked : " How did the bill of lumber that you figured on for the Yeater building compare with the bill for the Roberts' building?" This was objected to as incompetent, and because it did not appear that his figures were correct. The objection was overruled, and witness answered, " That the bill for the Yeater house amounted to about $1,000, and that it was not as expensive a house as the Roberts' house." The witness, according to his testimony, was a carpenter, engaged in buying lumber and erecting houses, and had been a lumber dealer, and was, therefore, competent to speak in relation to the subject he was testifying about, and we can see no reason why he should not have been allowed to state as a matter of fact, that he had estimated the cost of lumber which entered into another building, and the further fact that the building of defendants was more costly than the one he compared it with, and would require more lumber in its construction. The correctness of his estimate could have been tested by defendants if they had desired to do so by a re-cross-examination. Besides this, in view of the fact that Carrier, the contractor, who bought the lumber and used it in the Roberts' building, as well as Garth, who sold it, both testified that the bill was correct, and the further fact that defendant Roberts had stated to Carlisle that he did not find fault with the bill, we cannot see how the evidence could have misled the jury, even if in strictness it was not receivable.

The instructions given by the court put the case fairly before the jury on the theory announced in 60 Mo. 581, and we perceive no error in the refusal of instructions asked by defendants numbered one, two, three, six and

1. EVIDENCE: opinions.

seven.  The court was requested to tell the jury, in the first instruction, that if they believed a credit of sixty days was given on the sale of the lumber, and that suit was brought in less than sixty days after the sale, they would find for defendants; it was also requested in the third to direct the jury that if they found for plaintiffs, they could not include in their finding any item furnished less than sixty days before the commencement of the suit, provided they believed that the credit given to Carrier was sixty days, nor any item furnished less than ninety days before suit was brought, provided they believed the credit was ninety days.  Notwithstanding the fact that defendant Carrier, who was, the contractor and bought the lumber sued for and used in the erection of the Roberts' house, made default, thereby confessing the action and entitling plaintiffs to a judgment against him by *nil dicit*, still if defendants had set up in their answer that the lumber sued for was sold on a credit of sixty or ninety days, and that the time of such credit had not expired when the suit was commenced, the declarations asked should have been given. This, however, was not done.

The only averments in the answer touching this question are that the sum sued for was not due at the time the 2. AMENDMENTS.  answer was filed, and that it was not due on the 6th day of January, 1872.  There is no averment in the answer that the account was not due on the 14th day of January, 1872, when the suit was commenced.  This was virtually confessed by defendants, when, at the close of the evidence they asked permission of the court to amend their answer by making an averment that the demand was not due when the action was commenced.  This the court refused to allow, and in view of the fact that the suit was commenced in 1872, had once before been tried, and the judgment on appeal to this court had been reversed for the reason hereinbefore stated, and the further fact that the only defendant against whom judgment *in personam* could be rendered had confessed the action, the per-

mission to amend was rightfully refused. *Allen v. Ranson*, 44 Mo. 266; *Henslee v. Cannefax*, 49 Mo. 295. The amendment not having been allowed, instructions one and three were properly refused, on the ground that instructions should not be given unless they apply to the case made by the pleadings.

There was no error in refusing the second instruction, because the jury had been correctly informed in regard to the same matter in the first instruction given for plaintiffs. The sixth instruction being a repetition of what is contained in the second given for plaintiffs, and the fifth given for defendants, was for that reason properly refused. There was no evidence on which to base the seventh instruction, and its rejection was, therefore, proper. The evidence of Ladue, which is claimed in connection of that of Roberts, to be sufficient to authorize giving the declaration asked, tends only to show that payments were made other than those credited on the account. Ladue's evidence tends to prove an admission by Garth, one of the plaintiffs, that Carrier had paid $600 on the account. Defendants had the full benefit of this evidence before the jury under the fifth instruction given for them, as well as the benefit of Roberts' evidence tending to show a payment of $500.

Judgment affirmed, with the concurrence of the other judges.

AFFIRMED.