DEARDORFF v. EVERHARTT et al., Appellants.

1.   **Mechanic's Lien**: CONTRACTOR NOT AGENT FOR OWNER: MEASURE OF VALUE OF MATERIALS. The Mechanic's Lien Law does not establish the relation of principal and agent between the owner and contractor. Prices agreed upon between the latter and a material man are, therefore, not binding upon the owner. As against him only the market value of the materials can be recovered. The agreed prices will, however, be received as *prima facie* evidence of the market value.

2.   ——— : ——— : DECLARATIONS OF CONTRACTOR. For the same reason, declarations of the contractor, (e. g. that materials purchased by him were used in a particular building,) are not evidence against the owner. Overruling *Morrison v. Hancock*, 40 Mo. 564.

3.   ———. A lien cannot be enforced against a building for materials furnished to the contractor but not put into the building.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

   *Tichenor & Warner* for appellants.

   *W. E. Sheffield* for respondent.

   HENRY, J.—This is a suit to enforce a mechanic's lien

against a certain lot and building in the City of Kansas owned by appellants, Halpine and Lynch, the latter of whom contracted with Everhartt to erect the building. The evidence for defendants tended to show that a portion of the lumber purchased by Everhartt was not used in the erection of the building, although purchased by him for that purpose. The court, for plaintiff, declared the law to be that: "The declarations of Everhartt, or his foreman, at the time of the purchase of the lumber sued for, as to the purposes for which it was purchased, are competent evidence to show where the same was used," and that if the evidence showed that Everhartt was a contractor with Halpine and Lynch to erect the building, then he was their agent, with authority to bind the building for a lien to the extent of the value of the material necessary to complete it. Two instructions asked by defendants were refused, the first declaring that plaintiff's lien was good only for such materials purchased of Deardorff as were actually used in the building, and the second substantially the opposite of that given for plaintiff, asserting the right of plaintiff to recover only the market value of the materials actually used in the building. The plaintiff had judgment, from which Halpine and Lynch have appealed.

The instruction for plaintiff is erroneous. The relation of principal and agent is not established by the statute 1. MECHANIC'S LIEN; contractor not agent for owner: measure of value of materials. between the owner of the real estate and the contractor. If the latter was the agent of the former, not only the property improved would be subject to the lien of the material man, but the owner would be personally liable for the debt. While the price agreed upon between the contractor and the material man would be *prima facie* evidence of the value of the materials, it would not be conclusive. The statute does not give a lien for the contract price, but for the "materials," and if the contractor is not the agent of the owner of the lot, the extent of the lien is the market value of the materials when furnished.

The instruction contains another error, which was probably cured, or was harmless in consequence of the omission to object to the testimony upon which it was predicated. The declarations of the contractor that the materials were purchased for appellants' building, although made when they were obtained, are not evidence against the owners of the land. The contrary seems to have been held in *Morrison v. Hancock*, 40 Mo. 564, but as the relation of principal and agent between the owner and the contractor does not exist, there is no principle of law upon which the declarations of the latter are admissible against the former. In *Simmons, Garth & Co. v. Carrier*, 60 Mo. 581, a disapproval of *Morrison v. Hancock*, on this point, was intimated, and we now think it should be overruled in this respect.

*2. ——: ——: declarations of contractor.*

The first instruction asked by defendants and refused declared the law as now well settled by this court. *Simmons, Garth & Co. v. Carrier, supra; Fitzpatrick v. Thomas*, 61 Mo. 516; *Schulenberg v. Prairie Home Institute*, 65 Mo. 295. Judgment reversed and cause remanded.

*3. ——.*