THE CURRENT RIVER LUMBER COMPANY, Respondent, v. J. S. CRAVENS *et al.*, Appellants.

St. Louis Court of Appeals, May 2, 1893.

1. **Mechanics' Liens**: COMPETENCY OF ADMISSIONS OF FORMER OWNER. When materials are furnished for a building under contract with the owner, and such owner subsequently sells the premises, admissions made by him after he has parted with his title are not competent evidence in an action against the purchaser for the enforcement of a mechanics' lien for such materials.

2. ——— : USE OF MATERIALS SUED FOR. A material-man is not entitled to a mechanics' lien against a building for materials furnished by him therefor, unless such materials were actually used in the construction of the building.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED *(with directions).*

*Heffernan & Buckley,* for appellants.

The claimant of lien for material furnished must prove that the identical material charged went into construction of improvement sought to be charged in the lien. *Schulenburg v. Hawley,* 6 Mo. App. 34; *Schulenburg v. Vroman,* 7 Mo. App. 133; *Schulenburg v. Robison,* 5 Mo. App. 561; *Fitzgerald v. Thomas,* 61 Mo. 499; s. c., 76 Mo. 513; *Schulenburg v. Prairie Home Institute,* 65 Mo. 295. If such claimant so mix or mingle the material furnished for other buildings or purposes with that furnished for the one sought to be charged, the lien is gone. *Kirtley v. Morris,* 43 Mo. App. 144; *Fitzgerald v. Thomas,* 61 Mo. 499; s. c., 76 Mo. 513; *Schulenburg v. Robison,* 5 Mo. App. 561; Jones on Liens, sec. 1526. Where lumber is furnished a party on general account and a part is paid, then lien claimant cannot take the balance due, divide it up and apportion it to each house, the material for which remains unpaid. *Schulenburg v. Vroman, supra.* It is not sufficient to maintain a lien that material is furnished on a general or personal account, even though shown to have gone into the construction of the particular buiding sought to be charged with liens; but the material must be furnished for a particular building, with the intention of charging it with the lien. *Planing Mill Co. v. Ritter,* 33 Mo. 404.

*Barbour & Stillwagen,* for respondent.

ROMBAUER, P. J.—A preliminary question arises in this case on the respondent's motion to dismiss the

appeal, because the abstract fails to show that an appeal was granted by the trial court, or that the bill of exceptions was filed in time.    This motion is not well taken and must be overruled.    It appears by the abstract that the time allowed the defendants to file a bill of exceptions expired June 10, 1892, and that they filed their bill of exceptions on that day.    The order granting an appeal need not be shown by the abstract, but, under section 2253 of the Revised Statutes of 1889, it must be shown by the clerk's certificate.    The clerk's certificate in this case does show the granting of the appeal.

This brings us to the merits of the appeal.    The action is one to enforce a mechanic's lien for materials against a house.    The parties defendant are the owner with whom the contract was made, and the county of Greene which became a mortgagee of the premises on November 3, 1890, and John Endley, the owner of the premises at the date of the institution of the suit.    The answer of defendants was a general denial.    The trial of the cause by the court resulted in a judgment for plaintiff for the debt and a judgment establishing its lien.    The main complaint made on this appeal is that the judgment, as far as the lien is concerned, is not supported by any substantial evidence.

The following facts are uncontroverted by the evidence:    The defendant Cravens was engaged in building six or more houses in the city of Springfield, and in doing so he bought the necessary lumber from the plaintiff on general account.    The account ran against him without anything to indicate therein for what purpose the lumber was bought.    The lumber was not furnished for any particular house.    He made payments on account from time to time, which were credited generally on his account.    When he ceased to make payments, the plaintiff presented to him a gross bill for

the balance due, which he certified to as correct. The plaintiff, afterwards discovering that such evidence was unavailable for the purposes of a lien, caused three separate bills to be made out, dividing the balance left on general account between three of the houses ratably. The plaintiff's clerk, Hahn, took these three bills to Cravens, who marked each of the bills "O. K." Cravens, who was a witness for the plaintiff, testified that he could not tell whether the lumber contained in each bill went into each house, but as to some he could tell that it did not. . There was absolutely no evidence whatever in the case that the indentical lumber charged for in this action went into the particular house in question. In fact there was no substantial evidence that any of it did, as some of the other houses were constructed later. The following extract from the testimony of Cravens will best illustrate the facts of the case:

"*Q.* Didn't you go to Mr. Hahn at his request and separate these bills for lumber used in the three different houses, numbers 33, 35, 36? *A.* No, sir; not in the way that he is trying to put it at me.

"*Q.* How did you do it? *A.* Mr. Hahn came to me when he came up from his mill, and came over to my place and says: 'I have come to see you.' Says I: 'What about?' He says: 'I have got to divide up that lumber bill in some kind of shape to make a lien.' Says I: 'Do you know how much?' He says: 'I don't know, unless I just divide them up into three sizes and put a lien onto them.' I says: 'Go ahead. I guess that is the best you could do.' And he went ahead and divided it up and asked me if I would O. K. it, and I told him I would as to amount, but I couldn't tell what. I says that boxing didn't go into the house, and I O. Kd. the bill simply because it was the amount I owed Mr. Milner.' "

Upon this evidence the court first declared the law thus: "Unless the court finds from the evidence in the case that the identical lumber and building material in plaintiff's lien account actually entered the construction of the house and improvements erected on lot 35, the plaintiff is not entitled to the enforcement of the lien against the property." It then entered a judgment of lien against the property.

It will be thus seen that the court's finding is opposed to its declaration of law. Even the attenuated evidence, which under other circumstances might have been furnished by the "O. Kd." bills, was rebutted by the testimony of Cravens upon the stand, from which it distinctly appeared that he did not know whether the lumber went into the building or not. Moreover, he was not in a position to make any admissions as far as they affected the question of lien, having parted with the title to the property anterior to such admissions. His so-called admissions were declarations against the interest of third persons, and not against his own, and as such inadmissible.

It only remains to be seen whether the declaration of law made by the court was correct. It was once held that, if materials are furnished for a certain house, the fact that they were not actually used in its construction did not defeat the lien. *Morrison v. Hancock*, 40 Mo. 561. This judicial aberration, which lost sight of the governing principle that the lien is one which attaches on account of the material, and not on account of the debt, was subsequently repudiated. *Simmons v. Carrier*, 60 Mo. 581; *Fitzpatrick v. Thomas*, 61 Mo. 516; *Schulenburg v. Prairie Home Institute*, 65 Mo. 295; *Deardorff v. Everhartt*, 74 Mo. 37. It is now well settled in this state that, in order to entitle a material-man to a lien, the material must be furnished for the house and be used in its construction. *Schulenburg Lumber Co. v.*

*Johnson,* 88 Mo. App. 404, 407, properly states the rule and its limitations.

It results from the foregoing that the judgment must be reversed, having no foundation in the evidence as far as the lien is concerned. The judgment is reversed, and the cause remanded with directions to enter a general judgment against defendant Cravens for the debt sued for, and a judgment in favor of the other defendants. All the judges concur.