## CRANE COMPANY, Appellant, v. S. M. NEEL et al., Respondents.

**Kansas City Court of Appeals, November 23, 1903.**

1. **MECHANICS' LIENS: Evidence: Contractor's Declarations.** The declarations of a contractor that materials were purchased for appellant's building, although made when they were obtained, are not evidence against the landowner, since they do not show that the sale was made upon the credit of the building where the material was used.

2. **EVIDENCE: Depositions: Exhibits: Statute.** The statute requires all exhibits proved or referred to to be inclosed, sealed up and directed to the clerk of the court where the action is pending, and exhibits not so treated are inadmissible in evidence.

3. ———: ———: ———: **Court's Discretion.** A party may withdraw his depositions and have exhibits properly attached, but this must be done before the trial, and to permit it at the trial is within the sound discreton of the court.

4. **MECHANICS' LIENS: Materialman: Credit of the Building: Proof.** A materialman must prove that he sold the materials on the credit of the building or no lien attaches.

5. ———: ———: ———: **Evidence.** The fact of selling on such credit may be proved by any circumstance which tends to show his purpose, and the declarations of the contractor that he bought for the building has no tendency to prove that the ma-

terialman sold therefor; but the act of the materialman in response thereto is evidence which the declaration explains. Deardorff v. Eberhartt, 74 Mo. 37, is believed not to conflict with this view.

6. ——: ——: ——: ——. Proof of the contractor's purpose is not proof of the materialman's purpose, and a contractor's declaration that the material is to go into a certain building is inadmissible to support the lien unless followed by proof of the materialman's immediate compliance with the declaration.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*Grant I. Rosenzweig* for appellant.

(1) Statutes of mechanic's lien should be liberally construed. O'Shea v. O'Shea, 91 Mo. App. 231; Southern v. Rolla, 75 Mo. App. 629. (2) Faurot's evidence that it was part of his purchase that these goods were for the Neel residence was admissible. The first notice the owner is required to have is that provided by statute. Henry v. Evans, 97 Mo. 47. (3) No mechanic's lien can be sustained unless it be shown that the material was bought for the building. Lumber v. Lumber, 72 Mo. App. 261; Schulenberg v. Johnson, 38 Mo. App. 404; Fathman v. Ritter, 33 Mo. App. 407. (4) The sheet from the book of original entry was admissible and was of great importance both as to the items which appellant delivered and as to the sale being for the building. Borges v. Bette, 142 Mo. 572; Anchor v. Walsh, 108 Mo. 277; Smith v. Beattie, 57 Mo. 282; Robinson v. Smith, 111 Mo. 205; Seligman v. Rogers, 113 Mo. 642; Kaufman v. Christophel, 59 Mo. App. 83; Western v. Boice, 74 Mo. App. 353. (5) Faurot's statement as to the purchase being for the building was not improper declaration within the meaning of 74 Mo. 37. Crothers v. Acock, 43 Mo. App. 320; City v. Fisher, 61 Mo. App.

510; Carthage v. Barman, 55 Mo. App. 212; Stove v. Spear, 65 Mo. App. 91; Cahill v. Elliott, 54 Mo. App. 387; Western v. Buckner, 80 Mo. App. 98; House v. Terril, 37 Mo. 578; Lumber v. Lumber, 72 Mo. App. 261; Fathman v. Ritter, 33 Mo. App. 407; Schulenberg v. Johnson, 38 Mo. App. 404.   (6)   Appellant's exhibit was not disqualified because not attached to the deposition.   In any event a fair discretion would have permitted him to attach the same.   Ludy's testimony qualified the same.   Stoddard v. Hill, 38 S. C. 390; Statutes like section 2309 are directory and not mandatory.   Copenny v. City, 57 Mo. 88; City v. Foster, 52 Mo. 513; State v. Jennings, 98 Mo. 493; City v. Noue, 44 Mo. 136; State v. Hannibal, 113 Mo. 297; Hicks v. Chouteau, 12 Mo. 341; Young v. Camden, 19 Mo. 309; Choate v. Noble, 31 Mo. 341; Crawford v. Greenleaf, 48 Mo. App. 590; Scarritt v. Jackson, 89 Mo. App. 585; Webb v. Metropolitan, 89 Mo. App. 611; Lackland v. Walker, 151 Mo. 262; Bank v. Graham, 147 Mo. 256; Bank v. Hofman, 74 Mo. App. 208; Heman v. McNamara, 77 Mo. App. 1.   Examples requiring papers to be filed.   Wolf v. Brown, 142 Mo. 617; Bick v. Wilkerson, 62 Mo. App. 31; Nelson v. Betts, 30 Mo. App. 13; Jackson v. County, 41 Mo. 247; State v. Muir, 20 Mo. 303; Loan v. Brown, 59 Mo. App. 466; Edwards v. Brown, 67 Mo. 379; Governor v. Rector, 1 Mo. 638. Notes shall be filed with the petition.   Rothschild v. Lynch, 76 Mo. App. 346.   (7)   It is the duty of the trial court to allow amendments unless defendant is misled or surprised.   McMurry v. Martin, 26 Mo. App. 438; Wetzel v. Griffith, 41 Mo. App. 509; Riddle v. Aiken, 29 Mo. 453; Anderson v. Hance, 49 Mo. 161; Coony v. Murdock, 54 Mo. 351; Christie v. Railway, 94 Mo. 456; Hannibal v. Knudson, 62 Mo. 569. As to depositions:  Doan v. Glenn, 88 U. S. 33; Howard v. Stilwell, 139 U. S. 199; Nix v. Rector, 4 Ark. 275; Hatfield v. Perry, 4 Harr. (Del.) 464; Edleman v. Byers, 75 Ill. 369; Petriken v. Collier, 7 W. S. Pa. 392; Hobart v. Mc-

Coy, 3 Pa. St. 422; Wright v. Cabbot, 89 N. Y. 578; Shea v. Mabry, 1 Lea (Tenn.) 329; American v. Mayne, 9 Utah 321; Tyrell v. Cairo, 7 Mo. App. 300; Boeden v. Barber, 81 Mo. 636; Little v. Brubaker, 89 Mo. App. 1; Hoyberg v. Hanske, 153 Mo. 73; Deame v. Green, 31 Mo. App. 270; Holman v. Bachus, 73 Mo. 49; Laswell v. Presbyterian, 46 Mo. 282; Finley. v. West, 51 Mo. App. 569.

*Ellison A. Neel* and *Edward C. Wright* for respondents.

(1)   Faurot's statements to the plaintiff company that the goods were purchased for the Neel house were properly excluded as hearsay and not binding upon the owners.   Deardorff v. Everhartt, 74 Mo. 37; Schulenberg v. Hawley, 6 Mo. App. 34; Grace v. Nesbitt, 109 Mo. 9; Current River Co. v. Cravens, 54 Mo. App. 216. (2)   The exhibits referred to in Seymour's deposition and his testimony as to their contents were properly excluded as against defendant Neel.   Crary v. Carradine, 4 Ark. 216; Augusta Co. v. Randall, 85 Ga. 297, 11 S. E. 706; R. S. 1899, sec. 2903; McCartney v. Buck, 8 Houst. (Del.) 34, 12 Atl. 717; Little v. Wyatt, 14 N. H. 23; Palmer v. Goldsmith, 15 Ill. App. 544; Gage v. McIlwain, 1 Strob. (S. C.) 135; Woodes v. Dennett, 12 N. H. 51; Batchelder v. Sanborn, 22 N. H. 321; Mercier v. Copelan, 73 Ga. 636; Sloan v. McDowell, 75 N. C. 29; Sanford v. Miller, 19 Ill. App. 536; Gorman v. Montgomery, 83 Mass. (1 All.) 416; Kaiser v. Alexander, 144 Mass. 71; 12 N. E. 209; Somers v. Wright, 114 Mass. 171; Brown v. George, 17 N. H. 128; Keith v. Kibbe, 64 Mass.   (10 Cush.) 35; Watrous v. Cunningham, 71 Cal. 30, 11 Pac. 811; Neville v. Northcutt, 47 Tenn. (7 Cold.) 294; Godfrey v. Codman, 32 Me. 162; Adkinson v. Simmons, 33 N. C. 416; Thompson v. Porter, 4 Strob. Eq. 58; Ridd v. Robinson, 126 N. Y. 113.   (3)   The court below committed no error

and under the evidence introduced could have done no other than he did. Lumber Co. v. Lumber Co., 72 Mo. App. 248, 261; Schulenburg v. Johnson, 38 Mo. App. 404; Cahill v. Elliott, 54 Mo. App. 387; Fathman v. Ritter, 33 Mo. App. 404; Grace v. Nesbitt, 109 Mo. 9; Hydraulic Co. v. Zippenfield, 9 Mo. App. 595; Simmons v. Carrier, 60 Mo. 581; Schulenburg v. Prairie Home, 65 Mo. 295; Current River Co. v. Cravens, 54 Mo. App. 220; Reitz v. Ghio, 47 Mo. App. 287; Kirtley v. Morris, 43 Mo. App. 144, 151; Rand v. Grubbs, 26 Mo. App. 591; Christopher v. White, 42 Mo. App. 428.

BROADDUS, J.—This is a proceeding to enforce a mechanic's lien. The plaintiff is a dealer in plumbing supplies. The defendant Neel made a contract with his co-defendant, the Faurot Company, a manufacturing concern, to construct in his building hot water heating appliances, including radiators. It is claimed that said Faurot Company bought the radiators that were used in the construction of said heating appliances from the plaintiff. Defendant Neel's answer was a general denial.

On the trial plaintiff sought to prove that the articles in question were sold by the plaintiff to the Faurot Manufacturing Company, aforesaid, for the purpose of being used in the defendant Neel's building, and for that purpose introduced Mr. Faurot, one of the members of the defendant company, who testified by deposition. In his deposition he made the following statement: "I went to the Crane Company with a list of the materials to be used in the construction of the heating plant in Dr. Neel's residence and stated to the Crane Company that that material was for use in the Neel residence and that they would receive their pay on completion of the work." On motion of defendant Neel, the following part of said statement was struck out of the record so far as it affected him, to-wit: "And stated to the Crane Company that that material was for use in the Neel residence and that they would receive

their pay on completion of the work.'' The plaintiff also introduced the deposition of Andrew Seymour who was the plaintiff's bookkeeper at the time the articles in controversy were sold. In said deposition the witness referred to a certain entry in plaintiff's book which contained the original order for the articles in dispute. This paper was identified as ''Exhibit A,'' but was not attached to the deposition, being sent under seal to the clerk of the circuit court. The notary was in court and plaintiff offered to withdraw the deposition and have the said item attached to it by him but the court refused the offer and excluded the exhibit. It was shown that it was the habit among the lawyers practicing in the Kansas City courts to withhold exhibits and produce them on the trial. There was other evidence introduced but plaintiff frankly admits that without that which the court excluded he was not entitled to recover. The court peremptorily instructed the jury to find for defendants. Plaintiff assigns as error the action of the court in excluding said evidence.

In Deardorff v. Everhartt, 74 Mo. 37, it was held: ''The declarations of the contractor that the materials were purchased for appellant's building, although made when they were obtained, are not evidence against the owners of the land.'' And a different ruling made in Morrison v. Hancock, 40 Mo. 564, was overruled. While plaintiff insists that the ruling in the former case is not good law it would not apply to this for the reason that here the contractor was testifying to his own declarations, which would prevent the application of said rule. But we can not see how that fact could make any difference as the reason for the rule is that the contractor not being the agent of the owner of the building is not authorized to bind such owner by his declarations. The rule is also recognized in Grace v. Nesbitt, 109 Mo. 9. But it is suggested that the rule only had reference to its incompetency as evidence that the material was used in the construction of the building sought to be charged

with the lien, but that it is competent evidence to prove that plaintiff sold the material to be used in such building. In other words, that the sale was made upon the credit of the building. We do not see how this can be so. The plaintiff may have sold the material to the contractor without any intention of looking to the building as security for the price of the material, and the mere fact that plaintiff knew that the material was to be used in defendant's building was no evidence in itself that it so sold it to be so used. And the fact, if it was a fact, that plaintiff delivered a part of the material on the premises sought to be charged with the lien is also of itself no evidence that it was so sold. The plaintiff may have, for aught that appears in the record, sold the material in question without reference to any particular place where it might be used, as materialmen sometimes do where the financial standing of the contractor appears to be a sufficient guarantee for the price of the materials; or, in other words, where the sole credit is given to the contractor. And such seems to have been the case here according to the evidence of the defendant Neel who testified that before he paid the contractor for the material in question a member of the plaintiff's firm informed him that it had not sold to Faurot Company the material to be used in his house and that Faurot informed him that he was buying all his material from plaintiff without any reference as to where it was to be utilized.

The action of the court in excluding "Exhibit A" aforesaid is also approved. Section 2903, Revised Statutes 1899 requires: "All exhibits produced to the person (taking the deposition) and proved or referred to by a witness shall be inclosed, sealed up and directed to the clerk of the court in which . . . the action is pending." But plaintiff contends that said section is only directory and not mandatory. We think otherwise. And it is not perceived how the evidence of a witness and an exhibit, *the identification of which* de-

pends upon the witness, can be admitted in the form of a deposition without a compliance with the statute. It was competent, with the permission of the court, for the plaintiff to have withdrawn the deposition and attach said exhibit. But this should have been done before the trial, at which time, judging from what the court said, it would have been permitted. But it was a question of discretion in the court which we think was soundly exercised. With the evidence excluded the plaintiff failed to show that the articles were sold to be used in defendant's building and he was not therefore entitled to a judgment enforcing his lien on the property.

There are other questions raised on the appeal but in view of the foregoing conclusions they are not deemed important and will not be considered.

The cause is affirmed. *Smith, P. J.,* concurs in result. *Ellison, J.,* concurs in result in separate opinion.

### SEPARATE CONCURRING OPINION.

ELLISON, J.—In order to establish a mechanic's lien by a materialman for purchases by the contractor, it is necessary to prove, among other things, that the material was sold by the materialman for the owner's building. If the materialman does not sell the material for the building, he can not have a lien; for the law will not cast a lien upon him without his having any part or agency in its inception. He may never have seen the building and may not know its location, but he must sell the material for it. The language of the statute is that he must furnish the material "for" the building.

The proof of the fact that he did sell for the building may be made like proof of any other fact, *i. e.,* by anything which tends to show such was his purpose. The declaration of the contractor that he bought for the building certainly does not tend to prove that the materialman sold for it. For the contractor may pur-

chase for a certain building and yet the seller have no knowledge whatever of the purpose of the purchase. But if the declaration of the contractor was made to the materialman and was connected by proof that the latter acted upon it by selling the material to him, it is good evidence that he sold for the purpose then declared. In such case the declaration of the contractor alone is not evidence, but the *act* of the materialman *in response* thereto is evidence. The declaration only explains the act which is the substantive thing. I believe the Deardorff case ought not to be regarded as opposed to this view.

In this case the evidence refused by the court was that the contractor went to plaintiff and stated "that the material was for use in the Neel residence." But the object in proving this declaration of the contractor was stated to the court to be to show "that the material was bought at the time by the Faurot Company for use in the Neel residence." That being its purpose, it was properly excluded: for proof of the contractor's purpose was not proof of the seller's purpose. If the object had been to prove the seller's intention and the offer of proof of the declaration had been followed by proof of the seller's immediate compliance therewith, it would have been competent as tending to show the seller's intention. But it was not offered for that purpose and was not connected in that way. It was therefore the mere independent declaration of the contractor which could not affect the owner.