MEYER et al., Respondents, v. SCHMIDT et al., Appellants.

St. Louis Court of Appeals, April 14, 1908.

1. **MECHANICS' LIEN: Subcontractors: Payment by Owner to Original Contractor.** It is no defense to an action brought by a subcontractor to enforce a mechanic's lien that the owners had paid to the original contractor the full contract price and would have to pay more money to complete the house against which the lien is sought.

2. ————: ————: **Plans and Specifications.** Nor is it a defense to an action by a subcontractor to enforce a mechanics' lien for materials furnished, that the original contractor de-

parted from the plans and specifications in putting the material in the building. It is sufficient if the materials furnished by the subcontractor were furnished pursuant to the contract between the original contractor and owner and were used in the building.

3. ———: ———: Petition. In an action by a subcontractor to enforce a mechanics' lien for materials furnished and used in the erection of a building, it was proper, after judgment and pending a motion for new trial, to permit the plaintiff to amend his petition so as to allege that the materials were furnished "for the credit of the house," where the evidence showed conclusively that the material was furnished by the subcontractor to the original contractor for use in the building and was so used.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Wilson Cramer, W. H. Miller, Chas. H. Daues* and *Robt. L. Wilson* for appellants.

(1) It is the duty of the materialman to inquire how far the materials are proper in quality and quantity for the building he is furnishing materials. And the law does not relieve the materialman from making inquiry into the nature of the building he proposes to furnish materials. Phillips on Mechanic's Liens (3 Ed.), sec. 161. (2) The court committed error in overruling the application of defendants for continuance. The defendant, Mattie V. Adams, was a material witness in her own behalf and that of her codefendants. She was the owner of the property and had a right to be present so that she might suggest to and advise with her attorney independent of the fact she was a material witness. The appellate court will reverse a case where the trial court has exercised unsound judicial discretion in overruling an application for a continuance. Barnum v. Adams, 31 Mo. 332; McLane v. Harris, 1 Mo. 700; Turnstall v. Hamilton, 8 Mo. 501.

(3)   The Supreme Court in treating of section 687, in admitting the affidavit for continuance as evidence, at best this device furnishes a poor substitute for the testimony of a witness, but the Legislature sanctioned it as a necessary measure to diminish somewhat the evils of delay, and this much was only conceded by a bare majority of the court.   A dissenting opinion was rendered by Judges BRACE and SHERWOOD and in terse terms held the act unconstitutional, and that it had been so held and thrice declared unconstitutional.   Elsner v. Knights and Ladies of Honor, 98 Mo. 640; Geary v. Railway, 138 Mo. 251.   (4)   The court committed error in allowing plaintiffs to add to their petition the statement that the materials were furnished "for and upon the credit of said house," after judgment had been rendered and motion in arrest and new trial had been filed, and over the exceptions of defendants.   The plaintiffs were not entitled to a lien unless the materials were furnished for and upon the credit of the building, and the original petition not so charging was fatally defective.   Craine Co. v. Neel, 104 Mo. App. 177; Deardorff v. Everhartt, 74 Mo. 37; Grace v. Nesbitt, 109 Mo. 9.

*Benj. F. Davis* for respondents.

(1)   The plaintiffs having furnished materials for the building under and by virtue of a contract with the owner's contractor is entitled to a lien for the reasonable value thereof.   R. S. 1899, sec. 4203; Phillips on Mechanic's Liens (2 Ed.), sec. 142.   And that too, even, though the owner has paid the contractor the full contract price.   Henry & Coatsworth Co. v. Evans, 97 Mo. 47; Chilton v. Lindsay, 38 Mo. App. 57.   (2)   Pending motions for new trial and in arrest, the court properly permitted plaintiffs to amend their petitions by inserting the words, "for and on the credit of the said house."   R. S. 1899, sec. 657; Action v. Dooley, 16 Mo.

447. The amendment did not make a new cause of action nor set up new matter, for "Exhibit A," attached to plaintiffs' petition and by the express allegations of the petition and by the law made a part thereof showed that the materials were furnished by plaintiffs for the Adams Building, and the evidence on the trial showed the same thing. Jones v. Shaw, 53 Mo. 68; Hassett v. Rust, 64 Mo. 325; Case v. Fogg, 46 Mo. 44. Even if "Exhibit A," as a part of the petition had not shown the materials to have been furnished for the Adams house, the evidence on the trial so showing, the defect would have been cured by verdict under the statute of jeofails. R. S. 1899, secs. 655, 656, 657, 659, 660, 672, 673; Fathman v. Ritter, 33 Mo. App. 404; Bickel v. Gray, 81 Mo. App. 653.

GOODE, J.—These plaintiffs are partners doing a general hardware business in the city of Cape Girardeau. Defendants, Mattie V. Adams and Ben H. Adams, are husband and wife and owners of lot 8 of range 1 in said city. Defendant A. J. Schmidt is a contractor and builder with whom the Adamses contracted in 1905 to erect a two-story frame dwelling house on their lot. Schmidt was to furnish the labor and material needed in the construction of the house, and in the course of the work he purchased hardware from these plaintiffs for use in the building to the amount of $199.23, for which he never paid. Plaintiffs filed a lien on the property to secure payment of the demand and afterwards instituted the present action to enforce the lien. The petition as originally filed, alleged the contract between the owners (Mr. and Mrs. Adams) and Schmidt for the erection of the house; Schmidt to furnish the required material and labor; that the material furnished by plaintiffs to Schmidt was under a continuing contract between plaintiffs and Schmidt and was all used by the latter in the construc-

tion of the house of his codefendants. The material
was listed in an itemized account attached to the pe-
tition and called for in it as "Exhibit A," which ex-
hibit said the material was furnished for the Ben
Adams building. Mr. and Mrs. Adams filed their sep-
arate answer in which they denied each allegation of
the petition, averred Schmidt agreed to build the house
for $1,765, but abandoned the job before the building
was completed and that they had paid him $1,600 on
the contract price before plaintiffs gave notice of any
demand for materials furnished to him. The answer
further stated it would require $700 to complete the
building, and that Mr. and Mrs. Adams were not in-
debted to Schmidt in any way whatever. The answer
denied Schmidt furnished the kind of material for the
building which was called for in the plans and speci-
fications and averred they (the Adamses) did not
waive the departure from the plans and specifications.
On motion of plaintiffs, portions of the answer were
struck out. Those portions were the averments that
Schmidt had been paid $1,600 on the contract price of
the building prior to the time Mr. and Mrs. Adams
were given notice plaintiffs were subcontractors of
Schmidt; that it would cost $700 to complete the build-
ing and the owners were not indebted to Schmidt in
any way and were not indebted to him when first no-
tified of plaintiffs' demand. No error occurred in strik-
ing out those portions of the answer, for they stated
no defense to the demand of plaintiffs, who, as sub-
contractors, were entitled to a lien and to enforce it,
regardless of whether or not the owners of the property
had paid Schmidt the full contract price and would
have to pay more money to complete the house. This
proposition was affirmed by the Supreme Court in a
careful opinion expounding several clauses of our me-
chanic's lien act in comparison with the terms of sim-

ilar acts of other States, and overruling an appellate decision to the contrary. [Henry v. Evans, 97 Mo. 47, 10 S. W. 868.] Nor was Schmidt's default in not using the kind of material called for in the plans and specifications a defense. If plaintiffs furnished the material in question to Schmidt for the building, under a contract, and pursuant to his contract with the owners, and he used it in the building, plaintiffs are entitled to a lien. If it was not the material called for by the specifications, the owners should have seen it was not put in the building, in which case a lien against the property would not lie. [Simmons v. Carrier, 60 Mo. 581.] We have been cited to no authority, nor are we acquainted with any, which binds a subcontractor who furnishes material for an improvement to ascertain, on peril of acquiring no lien, that the material is of the kind called for in the contract between the owner of the property and the original contractor.

An exception was saved to the refusal of the court to grant a continuance on account of the absence of Mrs. Adams. We dealt with this question in the case of Riverside Lumber Co. v. Schmidt, — Mo. App. ——, and what was therein said is applicable to the point in the present case, as the facts are identical touching the application and the admission in evidence of what Mrs. Adams would testify.

After judgment and pending a motion for new trial, plaintiffs asked and were granted leave to amend their petition by making it show all the items of the account were sold to Schmidt "for the credit of said house;" i. e., the house he was building for Mr. and Mrs. Adams. Before this amendment, though the petition averred Schmidt was the contractor to build the house and was to furnish all the material for it and further averred all the hardware in question was sold to Schmidt and used by him in the house, it failed to aver the articles were sold to him for the house. The petition was not

attacked either by demurrer or answer, and evidence was received without objection which conclusively proved the material was furnished by plaintiff to Schmidt for use in the house he was building for his codefendants and was so used. In a case of this kind the petition ought to aver the material for which a lien is sought was furnished for the house; for it is only in such a case the statute gives a lien. But we think the amendment, which did not substitute a new cause of action, was proper and within the scope of our statutes. [R. S. 1899, secs. 660, 672.] An authority in point is Sawyer v. Railroad, 156 Mo. 468, 477, 57 S. W. 108.

The judgment is affirmed. All concur.