BENJ. PHILIBERT, *et al.*, Defendants in Error, *vs.* FRANK SCHMIDT, *et al.*, Plaintiffs in Error.

1. *Mechanic's lien—Admissions by builder touching account of material man not evidence against the owner, etc.*—The admissions by a builder acknowledging the correctness of an account rendered for material furnished in building a house, are evidence in a suit thereon against the builder, but not in a suit brought against the owner of the building under the mechanic's lien law.

*Error to Cole Circuit Court.*

*Lay & Belch, and Edwards & Son,* for Plaintiffs in Error.

*Ewing & Smith,* for Defendants in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action under the mechanic's lien law, brought on an account for materials alleged to have been furnished the defendant, Anton Moeller, as contractor for building a hotel for the defendant, Schmidt, in the City of Jefferson, in the State of Missouri. The defendant, Moeller, having become bankrupt, A. W. Ewing, his assignee, was substituted as defendant.

There were separate answers by the defendants putting in issue the material allegations of the plaintiff's petition.

Upon the trial, the plaintiff introduced evidence tending to prove his account and lien, and conducing to prove that the materials were furnished under Moeller's contract for building the hotel. Among other evidence, was that of Schmidt's promise to pay the amount of plaintiff's lien after it was filed.

After the close of the evidence the court at the instance of the plaintiffs, gave an instruction to the effect, that if the materials were furnished to the contractor, and were used in the building, the jury must find for the plaintiffs, if they find that the proper notice, etc., was given.

This instruction was objected to, and, standing alone, it might have been objectionable. But the court, at the instance of the defendants, gave an additional instruction presenting their views of the case, which, together with the instruction given for the plaintiff, placed the whole case fairly before the

jury. Other instructions were asked by the defendants,which were refused. As the case, however, was fully and fairly presented to the jury by the instructions above referred to, it is unnecessary to pass upon the refused instructions.

The defendants also objected to a letter that had been written by Moeller to the plaintiffs, and the other admissions made by Moeller, acknowledging the plaintiff's account to be just. These admissions were certainly evidence against Moeller and his assignee in bankruptcy, to establish the plaintiff's demand against them.

Upon the whole case I think the judgment was for the right party, and I see no good reason to disturb it.

Judgment affirmed.

### On Motion for Re-hearing.

*Lay & Belch*, for Plaintiffs in Error.

I. In this case the letters were written and the declarations made long after the materials had been purchased and used. Schmidt was no longer the owner's agent, and his letters were inadmissible for any purpose. (Morrison vs. Hancock, 40 Mo., 561.)

*Ewing & Smith*, for Defendants in Error.

I. Contractors declarations are admissible against the owner, as to the materials which have been received or the amount which may remain due. (Dickerson College vs. Church, 1 Watts & Serg., p. 462.)

II. The promise of Schmidt to pay plaintiff's account was admissible in evidence. (Landis vs. Roger, 59 Penn. (State), 95; Morrison vs. Hancock, 40 Mo., 561.)

Adams, Judge, delivered the opinion of the court.

At the last term of this court, a motion for re-hearing was granted in this case. By this motion, our attention was called to a point raised by the fourth instruction asked by the defendant and refused by the court, which was not passed upon in delivering the original opinion.

We have re-examined the record, and are satisfied the questions discussed in the opinion which resulted in an affirmance were properly decided.

But the defendant's fourth instruction presented the question, whether the admissions of the contractor, Moeller, made verbally, and also by letter written to the plaintiffs, after the purchase of the lumber had been completed, could be used as evidence against the owner of the building to establish plaintiff's lien, or in other words, to prove that the materials purchased went into the building under Moeller's contract with Schmidt.

In the opinion delivered, the court decided that this evidence was competent as against Moeller, but the point, whether it could be considered by the jury as against Schmidt, the owner of the building was not passed on.

Whatever may be the powers of a contractor to bind the owner of a building in the purchase of materials, they cease as soon as the purchases are fully completed.

Before the admissions and declarations of Moeller, referred to, were made, the purchase from the plaintiffs had all been completed, and he no longer continued the agent of Schmidt to bind him by such admissions.

In Dickerson College vs. Church, (1 Watts & Serg., 462,) this very point was before the Supreme Court of Pennsylvania, and that court decided that such declarations could not be read as evidence to prove that the materials were furnished on the credit of the building. We think the court below erred in refusing the defendant's fourth instruction.

For this error the judgment must be reversed and the cause remanded; the other judges concur.