## GRACE v. NESBITT *et al., Appellants.*

DIVISION TWO.

1. **Mechanics' Lien:** PETITION. It is a necessary averment in a petition in an action to enforce a mechanic's lien for materials, that it state they were used in the construction of the building.

2. ———: ———: AIDER BY ANSWER. The omission, however, of such averment will be cured by a statement in the answer that the materials were not used in the construction of the building.

3. ———: ACCOUNT: NOTICE. It is sufficient under Revised Statutes, 1879, sections 3176 and 3190, relating to the enforcement of mechanics' liens, that there be but one account filed and one notice given, though the material was furnished under more than one contract.

109    9
50a   73
109    9
55a  211
109    9
57a   18
57a   33
58a  610
60a  199
60a  497
109    9
127  325
109    9
63a   32
109    9
133  691
67a  277
109    9
138   57
71a  256
109    9
151  511
109    9
a156 486
109    9
84a  610
109    9
87a  348
109    9
88a   10

Grace v. Nesbitt.

4. ———: ———. Where a contractor purchases materials for a building in a lump for an entire price, and this appears by the account filed by the lienor, it is not necessary that the account to be "just and true" under Revised Statutes, 1879, section 3176, place a value on each item, but it is sufficient that the items be specified, and the aggregate price given.

5. ———: NOTICE: AGENT. A notice of the claim against the building required to be filled by the lienor under Revised Statutes, 1879, section 3190, may be served on one who is a trustee for the owners of the property and agent for those beneficially interested in the building.

6. ———: EVIDENCE: DECLARATION OF CONTRACTOR. Declarations of contractor made after the purchase and delivery of the material for which the lien is sought to be enforced are admissible in evidence against him, but not against the owners of the building.

*Appeal from Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*Frank Sheetz*, for appellants.

(1) Every fact which the plaintiff must prove to maintain his suit is constitutive in the sense of the code, and must be alleged. *Pier v. Heinrichoffen*, 52 Mo. 336. And advantage can be taken of this defect at any stage of the proceedings. *Birdsal v. Davies*, 58 Mo. 139; R. S. 1889, sec. 2047, p. 541. Each count must be good, and one count is not aided by another, unless reference thereto is expressly made. *Clark v. Iron Co.*, 9 Mo. App. 446; *Boeckler v. Railroad*, 10 Mo. App. 448; *Russell v. Railroad*, 83 Mo. 512. (2) The second count of the petition states no cause of action, and is not sufficient to support the judgment. It contains no allegation that materials sued for were used in the construction of the building in suit. Petition must allege the facts necessary for securing lien. R. S. 1879, sec. 3179; *Heltzler v. Langford*, 43 Mo. 396; *Gault v. Soldani*, 34 Mo. 150; *Bradish v. James*, 83 Mo. 313;

*Schulenburg v. Prairie Home*, 65 Mo. 295.   Because petition counts on separate and distinct contracts, and alleges but one notice and lien.   *Livermore v. Wright*, 33 Mo. 33; *Allen v. Tremont*, 73 Mo. 693; *Heltzel v. Railroad*, 77 Mo. 317; *Fulton v. North*, 80 Mo. 369; *Page v. Betts*, 17 Mo. 375.   (3)   The first item of lien is a lumping one of $2,800, and in second part of lien there are items as follows as per estimate:   $440, $255, $260, $75.90.   These are not such items as are contemplated by the statute, which requires a just and true account.   R. S. 1879, sec. 3176.   The account must be itemized.   *Edgar v. Salisbury*, 17 Mo. 273; *Rude v. Mitchell*, 97 Mo. 373.   Must be detailed statement of debits and credits.   *Kling v. Railroad*, 7 Mo. 410; *McWilliams v. Allen*, 45 Mo. 574; *Coe v. Ritter*, 86 Mo. 286.   (4)   Notice must be served on all owners as required by section 3190, Revised Statutes, 1879, and who are owners is set out in section 3192.   *Towner v. Remick*, 19 Mo. App. 205; *Ambrose v. Gapen*, 22 Mo. App. 397; *Hewitt v. Truitt*, 23 Mo. App. 443–448; *Brown v. Wright*, 25 Mo. App. 54; *Anderson v. Volmer*, 83 Mo. 403.   (5)   Payments should have been applied on accounts as of their date, and to the items thereof as obtained.   The plaintiff testified that there was no application of payments until suit was brought.   The court declared as a matter of law that plaintiff had no lien on his first count, and then permitted the payments to be all applied on said first count.   The creditor must apply payments on their receipt, and unless he does then the law will apply them as the justice and equity of the case require.   *Clayton's Case*, 1 Denio, 572; *Scone v. Seymour*, 15 Wend. 23; *McCune v. Belt*, 45 Mo. 174; *Waterman v. Younger*, 49 Mo. 413; *Allen v. Frumet*, 73 Mo. 688.   (6)   After controversy has arisen, neither debtor nor creditor has the right to apply payments, and the law will appropriate payments

on running account to the items of the account in the order of their dates. *Lazarus v. Friedheim*, 11 S. W. Rep. 518; *Jefferson v. Church*, 43 N. W. Rep. 74; *United States v. Kirkpatrick*, 9 Wheat. 732.

*Waite & Johnson* for respondent.

(1) The second count of the petition is not open to the objection that it fails to state a cause of action. After judgment it is too late to say that it does not sufficiently allege that the materials went into the construction of the building. *McDermott v. Claas*, 104 Mo. 21; *Cole v. Barron*, 8 Mo. App. 509; *Bowie v. Kansas City*, 51 Mo. 454; *Bricker v. Railroad*, 83 Mo. 391; *Gas Co. v. St. Louis*, 86 Mo. 495; *Garth v. Caldwell*, 72 Mo. 623; *Hughes v. Carson*, 90 Mo. 399. (2) The fact that the material was furnished under different contracts imposed no duty of filing separate liens for each lot of material furnished under each independent contract. *Kearney v. Wurdeman*, 33 Mo. App. 447; *Kern v. Pfaff*, 44 Mo. App. 29. (3) The petition and account is not open to the objection that the account was a "lumping" one. Where a lot of material is furnished pursuant to a contract, fixing on a specific price, the account filed for a lien is sufficiently specific if it gives the articles furnished under such contract and the date of furnishing, and the agreed price for the whole lot of articles. *Hilliker v. Francisco*, 65 Mo. 598; *Miller v. Whitelaw*, 28 Mo. App. 639; *Kern v. Pfaff*, 44 Mo. App. 29. (4) The "agreed price" is *prima facie* evidence of the market value of the material furnished. *Deardorf v. Everhart*, 74 Mo. 37; *Hilliker v. Francisco*, 65 Mo. 37; *Miller v. Whitelaw, supra*. (5) The plaintiff had a right to apply payments made by Nesbitt in the manner he did. He was not bound to apply in such manner as would

be most advantageous to appellant. *Waterman v. Younger*, 48 Mo. 413; *Beck v. Haas*, 31 Mo. App. 180. He had a right to make application at any time before suit brought. *Catesby v. Jones*, 7 How. 680; *Shortridge v. Pardee*, 2 Mo. App. 363; *Poulson v. Collier*, 18 Mo. App. 583. (6) The notice served on McVey of plaintiff's demand against the property for material furnished was sufficient, as the evidence showed that McVey was a member of the firm of Smith, McVey & Co., and was trustee of the legal title for the firm of Smith & McVey, of which he was a member. *Henry v. Bunker*, 22 Mo. App. 650; *Johnson v. Barnes*, 23 Mo. App. 546; *Steinman v. Strimple*, 29 Mo. App. 478; *Fourth Ave. v. Schreiner*, 88 Pa. St. 124; *Anderson v. Volmer*, 83 Mo. 404. (7) Nesbitt's declarations and admissions were competent evidence to establish the extent of his liability. In the absence of instructions showing that the court considered such declarations in determining the liability of appellant it must be assumed that the court did not so consider such declarations. *Philibert v. Schmidt*, 57 Mo. 217; *Babb v. Ellis*, 76 Mo. 460; *Anderson v. McPike*, 41 Mo. App. 328; *Schlicker v. Gordon*, 19 Mo. App. 479; *Koonz v. Kaufman*, 31 Mo. App. 397.

MACFARLANE, J.—This is a suit for judgment against the contractor, and to enforce a mechanics' lien against the property of the owners, for the value of lumber, lime and other material furnished the contractor by plaintiff and used in the construction of a business house on a lot in the city of Chillicothe. The suit is against J. Y. Nesbitt as contractor and purchaser of the materials, and Smith, McVey & McGee as owners of the lot and building.

The petition contained two counts. The first was for a special bill of lumber and lime, for which a charge

in bulk of $2,800 is made. The items of all the materials are given in detail, but no prices are fixed to the several items. On this account plaintiff applied credits amounting to $2,795.65, which left an unpaid balance of only $4.35.

The second cause of action is based on a running account for material, the value of each item being stated in the account, except in three instances. One for a number of doors, windows and sashes, the articles being itemized, but the values placed in the aggregate at $440. The second was for yellow pine bars, casings and mouldings, giving the items of each, $255; and the third for another itemized account for doors and windows, $260. The second count in the petition fails to charge in terms that the materials so furnished by plaintiff were used in the construction of the building. It does charge that Nesbitt, the contractor, applied to the plaintiff for lumber and material with which to construct the building, and agreed to pay the value of all such lumber and material as plaintiff might furnish and supply for the construction of such building, and, pursuant to such agreement, he did, from time to time, furnish to said Nesbitt lumber and material to be used in the construction of said building of the value of $3,194.06.

Defendants Smith and others, owners of the property, answered over, without objection to the petition, by demurrer or otherwise. In one part of the answer they deny that the material was used in the construction of the building, and, in a special defense, they charge that the account is fraudulent and wrongful, "in this, that the lime, lumber, laths and other materials therein mentioned, or a great part thereof, was not furnished and used in the construction of said building." Upon a trial to the court, without a jury, a judgment was rendered for plaintiff against Nesbitt for balance

claimed on the accounts, and a decree against the property enforcing the lien, and the owners appealed.

I.   On the trial objection was made, by the defendant owners, to the introduction of any evidence under the petition for two reasons.   The first was that it did not appear from the petition that the material specified in the account was used in the construction of the building.   It is well-settled law in this state that no lien for the value of materials can be acquired, unless they go into the construction of the improvement, and that fact becomes a necessary averment of the petition. It is also a well-settled rule of practice that the omissions or other defects of the petition may be cured by the subsequent pleading of the adverse party.   We think, in this case, that the aid given the petition, by the averments in the answer, fairly formed an issue, under the pleadings, as to whether, or not, the materials furnished by plaintiff were used in the construction of the building.   That issue was tried, and complaint now comes too late.   Defendants must be consistent and abide the result of an issue they aided in making. Bigelow on Estoppel [5 Ed.] 717; *Hughes v. Carson*, 90 Mo. 399; *Garth v. Caldwell*, 72 Mo. 622.

II.   The second objection urged as ground upon which the introduction of the testimony under the petition should have been denied was that "the petition counts separate and distinct contracts and alleges but one notice and lien."   The counts of the petition show that the material specified in the two counts was furnished by plaintiff, to the contractor, under distinct and independent contracts, or arrangements, so much so that it was necessary to declare on the accounts as independent causes of action, in different counts.   Only one lien account was filed, but it covered all the items of material included in the two counts.   Only one notice was given to the owners of the property that

plaintiff held a lien against it, but that notice included a copy of the whole lien account as filed.

There is no provision of the statute requiring a separate account to be filed for each separate contract, under which material may have been furnished, though the material may be entirely different and the contracts independent. The statute requires the account filed to be "a just and true account of the demand due him or them after all just credits have been given." The statute evidently only contemplated filing one account, and no reason can be seen for adding anything to its requirements. We agree with the St. Louis court of appeals when it says: "It is permissible to 'embrace in an account, filed as a lien, items for work on the same building under different contracts with the owner; but, in order to enforce the lien for the entire work, the evidence must show that the lien was filed within six months after the completion of the work under each contract." *Kern v. Pfaff*, 44 Mo. App. 30.

The same may be said of the sufficiency in form and substance of the notice served on McVey. The requirement of the statute is satisfied if the notice informs the owner that the lienor "holds a claim against such building or improvement setting forth the amount and from whom the same is due." The proceeding is statutory, and that only is required to be done which the statute directs shall be done. R. S. 1879, sec. 3190; *Laswell v. Church*, 46 Mo. 279.

III. The claim constituting the first count in the petition, as it was filed, consisted of an account, itemizing the material furnished and giving the dates of delivery, without fixing any value to the respective items, but at the close stating an aggregate value of $2,800 for the whole. The items of credits were also given, leaving a balance of only $4.35 due on that account. The petition states in reference to this account that

Grace v. Nesbitt.

Nesbitt, the contractor, applied to plaintiff to furnish toward the construction of said building all the lumber, lime, laths and other [materials named and specified in Exhibit "A," hereto attached and made a part thereof; and thereupon the plaintiff agreed to furnish said material for the sum of $2,800.

Objection was made to proof of this account, on the ground that it was not such "a just and true account of the demand" as was required by the statute. The same objection was made to three bills claimed under the second count in which the dates and items of materials were also given, but only an aggregate value. The question raised on this objection is whether the statute imperatively demands that, in the account filed, a value shall be placed upon each item of work done before a lien for such item can be secured. While the statute is remedial, and should be construed with reasonable liberality, the right to a lien on the property of one to secure the debt of another is purely statutory, and to secure the right a substantial compliance with all the requirements of the statute, according to its reasonable intent, is essential.

The purpose of the statute in requiring an account of the demand due to be filed was evidently to advise the owner, as well as creditors and purchasers, of the amount of the lien claimed against the property; that the correctness and justice of the demand might be investigated; and that the owner might be able to retain from the contractor enough of the contract price to discharge the claim. It is evident that when the demand claimed to be due, after allowing all just credits, is given, and the items of materials furnished are set out sufficiently in detail to allow an investigation of the reasonableness of the charges made, and to indicate whether the account is for materials for which

the statute gives a lien, the purpose of the statute, in respect to the substance of the account, has been substantially complied with. That the account filed in this case was in substantial compliance with the statute according to its reasonable intent, we think clear. The law was not intended to curtail or restrict the rights of persons in purchasing material or making contracts, so as to prevent them from making advantageous purchases in bulk, or from letting the work or materials, or any part of it to the lowest bidder. Nesbitt, the contractor, purchased the entire bill of the materials contained in the first count for one sum. The purchase in this manner may have been to his advantage. His liberty to make advantageous contracts should not have been restrained by an unreasonably strict construction of the statute. The law allows no speculation against the owners, and in case the liability of the contractor for materials is thrown upon him or his property he gets the benefit of any bargain in the purchase. The materials were bought in a lump for an entire price, and this appears from the account filed. In such case no detailed statement of the values of items could have been given more accurately than as an estimate which could have been made as well by the owner. What the owner wanted to know was the price paid, so he could not be charged more.

It is said in *Rude v. Mitchell*, 97 Mo. 373: "Many things are often included in these building contracts for which the law gives no lien; and, when it calls for a just and true account, it means a fairly itemized account showing what the materials are, and the work that was done, and the price charged, so that it can be seen from the face of the account that the law gives a lien therefor. A lumping item of the whole contract price on the one hand, and the credits on the other, is no compliance with the law at all. The account should

be complete on its face." The account itemized in this case was as follows:

"1882, December 1, for alteration and additions, to buildings numbers 210 and 212, North Third street, as per plans and specifications, $22,287."

We understand from this opinion (which is given entirely upon the item of account filed in that case), that the account must show what the materials were, what work was done, and the prices charged. In other words the statute requires more than merely giving "a lumping item of the whole contract price." It requires a specification of the work done or material furnished, so that it can be seen from the face of the account that the law gives a lien therefor, and that the owner can investigate the reasonableness of the charges. If a lumping price was agreed upon between the parties, no other price could have been specified so that the account would have been "just and *true*." We think the account sufficiently specific. *Hilliker v. Francisco*, 65 Mo. 598; *Miller v. Whitelaw*, 28 Mo. App. 639; *Davis v. Hines*, 6 Ohio St. 476.

IV. The sufficiency of the notice served by plaintiff on the owners of the property is challenged by appellants. The notice required to be given the owner, by one furnishing material to the contractor, was served in this case upon McVey alone, and by an acceptance as follows: "Received a copy of the foregoing notice this eighth day of December," (signed) "A. McVey for Smith, McVey & Co. and Smith & McVey." The evidence shows that the title to the property was in McVey as trustee for Smith and McVey; that the contract for the construction of the building was signed by McVey as trustee for Smith and McVey; that McVey had charge of the business of construction; and that McVey was also a member of the partnership firm of Smith, McVey & Co. McGee was the third member

of the firm, but showed no interest in the property. The statute requires the notice to be served upon every person, for whose immediate use, enjoyment or benefit the building shall be made, his agent, or either of them. R. S. 1879, secs. 3190, 3192. The notice was served on McVey, trustee for the owners of the property, and agent for those beneficially interested in the building. This agency was sufficiently shown by the fact that the contract for the construction of the building was made by him; that he had supervision of its construction and held the legal title as trustee. The notice, in our opinion, was sufficient.

An interesting question was raised as to whether the payments were properly applied by plaintiff under the circumstances as credits on the account charged in the first count in the petition. Inasmuch as we hold contrary to the rulings of the circuit court, that this account was sufficient under the statute, it makes no difference in the result upon which account the credits were applied, and the question need not be considered.

VI. On the trial, plaintiff, when testifying, was permitted to detail in evidence statements and declarations made by Nesbitt, the contractor, after the materials had been purchased and delivered. Objections to this evidence were overruled "as to defendant Nesbitt," but were admitted as to Nesbitt's declaration against himself. It is well settled in this state that such declarations of the contractor are not admissible for the purpose of charging the owners of the property. *Philibert v. Schmidt*, 57 Mo. 212; *Deardorff v. Everhartt*, 74 Mo. 37.

The declarations and admissions of a party to a suit are, however, always admissible against himself. Nesbitt, the contractor, was a party to this suit, and as against him his declarations were properly admitted. The case was tried to the court without a jury. No

declarations of law were asked to the effect that these admissions were not binding upon the other defendants, and none were needed, as the court, in admitting the testimony, confined its application to the contractor. *Babb v. Ellis,* 76 Mo. 460; *Philibert v. Schmidt, supra.*

We have examined with care the exhaustive brief of counsel on all points discussed, but find no error for which the judgment should be disturbed, and it is, therefore, affirmed. All concur.