JOHN BUSSO, Appellant, v. ANTON FETTE, Respondent.

St. Louis Court of Appeals, December 5, 1893.

Mechanics' Liens: SUFFICIENCY OF ACCOUNT. A lumping charge in an account filed as a mechanic's lien, though not accompanied by any detailed statement of the work for which it is made, is sufficient, when it is a fact, and the account on its face shows, that there was a special contract for the work at the amount of the charge, and when, moreover, the action for the enforcement of the lien is based upon the contract, and not upon a *quantum meruit*. Especially is this true, when the lien is filed by an original contractor as distinguished from a subcontractor.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*John J. McCann* for appellant.

*F. A. C. MacManus* for respondent.

BIGGS, J.—Action to enforce a mechanics' lien. On the trial the court refused to allow plaintiff to read his lien paper in evidence for the reason that, in the opinion of the court, it failed to answer the requirements of the statute, in that the statement of the account was too indefinite. The court, sitting as a jury, found for the plaintiff in the sum of $385.54, and judgment was entered against the defendant for that amount. The court also found that the mechanic's lien had not been

established.   The plaintiff has brought the case here by appeal, and the sole question arising under the record is the correctness of the ruling of the circuit court as to the sufficiency of the lien paper.

The plaintiff alleged in his petition, and his evidence tended to prove, that he made a contract with the defendant, who was about to commence the erection of a building on premises owned by him, to do the stone work on the house, consisting of "cut stone, rubble masonry and range material," and to furnish the necessary materials therefor, for the sum of $364; that he fully performed the work, and that he also did extra work at the request of the defendant, which was reasonably worth $25.   The court held the petition to be bad as to the item for extra work, and the parties proceeded to trial on the other item of the account.

That the lien paper was properly filed within the time prescribed by law is not disputed.   It reads:

"STATE OF MISSOURI, ⎱ ss.
"City of St. Louis.   ⎰

"The undersigned, John Busso, states that he was the original contractor with Anton Fette, hereinafter mentioned, for the furnishing and setting of cut stone, rubble masonry and range material, and labor in setting same, in the erection of a certain new two-story building situated on lot number 30, as represented in the amended plat of Gartside's subdivision in the Prairie Des Noyers fields, and in city block number 5016 of the city of St. Louis, state of Missouri, having a front of fifty feet on the west line of Alfred avenue, by a depth running westwardly, between parallel lines, of one hundred and fifty-two feet, six inches to an alley; that Anton Fette aforesaid was, and is, the owner of said house and lot at the time the contract with affiant was made, and now; that the materials and labor men-

tioned were furnished and rendered at his special instance and request, and that the following is a just and true account of the demand due affiant after all just credits have been given therefor, to-wit:

"To material and labor furnished and rendered thereupon, as per original bid and contract, $364.

"To materials and labor furnished and rendered thereupon, extra or change in plans, $25.

"That the work was begun, to-wit, on March 16, 1892, and was finished and the indebtedness accrued April 5, 1892, and that the sum of three hundred and eighty-nine dollars ($389), is due said Busso from said Fette for and on account of the premises.

"JOHN BUSSO.

"The above named John Busso, being duly sworn, on his oath says that the matters and things stated in the above and foregoing statement are true.

"JOHN BUSSO.

"Sworn to and subscribed before me this eighteenth day of May, 1892. My term expires thirty-first of October, 1893; witness hand and seal.

"ALSTON L. RYLAND, [SEAL]

"Notary Public."

Under the decision of the supreme court in the case of *Rude v. Mitchell*, 97 Mo. 365, and that of *Hilliker v. Francisco*, 65 Mo. 599, both of which involve the sufficiency of mechanics' lien accounts, it is made difficult to apply the law in some cases. The objectionable item in the Hilliker case reads: "To Junction City. Stone furnished First National Bank, as per contract, $7,790." This was held sufficient to satisfy the statute. The main item in the Rude case reads: "1892. Dec. 1st. For alterations and additions to buildings Nos. 210 and 212 N. Third St., as per plans and specifications, $22,287." Then followed

various other items for extra work. The statement of this account was held to be too indefinite.

The court in its opinion in the Rude case approved its previous ruling in the Hilliker case, and undertook to distinguish the cases. In referring to the Hilliker case, Judge BLACK said: "The suit was one by the subcontractor, and there was evidence to show that the bank had agreed with the contractor to the sum of $7,000 as compensation to the plaintiffs for the material and labor mentioned in the item. Under these circumstances it was held that the item was sufficiently specific. The item there in dispute, it will be seen, related to the stone work and labor of setting only, and the price is given. In the present case the first item is for $22,287, and there is nothing to show, on the face of the account, what is, or what is not, intended to be included."

It seems to us that another distinctive difference between the two cases, and which perhaps would require greater particularity in the statement of one account than the other, is, that the recovery in the Hilliker case was on a special contract, in which the parties had agreed on a lumping price for the work which was actually performed and which was designated in the account, whereas in the Rude case the recovery was on a *quantum meruit*,—the referee holding that there could be no recovery under the contract for the reason that the difference in the price for the alterations and extra work had not been fixed by the architects as the contract required.

In the case at bar the lien paper states that there was a special contract with the owner of the building to furnish the stone and other materials, and do the necessary work for the "cut stone, rubble masonry and range material," in the construction of the house for the sum of $364. The petition stated the same

facts, and the plaintiff introduced evidence tending to prove the averments, and also that he had fully performed the contract on his part. It seems to us that this is a stronger case on the facts in favor of the lien than that of *Hilliker v. Francisco*. There Hilliker was a subcontractor. Here the plaintiff is an original contractor. The object of the statute, which requires an itemized statement of the account, is to notify the owner, and other parties interested in the property sought to be charged with the lien, of the nature of the work and the amount of the claim, to enable them to inquire into the validity of the claim as an incumbrance. As there is no one to be affected in the case at bar but the plaintiff, what additional information would a more particular statement (if such a thing had been possible) have conveyed to him? Certainly none. Even as to third persons there is sufficient in the lien paper to show that the defendant had agreed to pay to plaintiff the sum of $364 for stone work in the building, including materials and work, and that the work had been performed and not paid for. It seems to us that this case falls within the principle of the *Hilliker-Francisco case*, and must be governed by it.

With the concurrence of the other judges the judgment of the circuit court will be reversed and the cause remanded. It is so ordered.