WILLIAM H. ABBOTT *et al.*, Respondents, v. WILLIAM B. HOOD *et al.*, Defendants; JOSEPH T. DONOVAN, Appellant.

St. Louis Court of Appeals, January 2, 1895.

Mechanics' Liens: LUMPING CHARGE IN LIEN ACCOUNT. A lumping charge for work may be made in a lien account filed by an original contractor, when there was a special contract for the work at the amount charged, and the lien account so states, and when the suit is brought thereon by the original contractor.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Wm. F. Smith* for appellant.

The referee erred in overruling appellant's objection to the admission of the lien in evidence; and the court erred in overruling appellant's exception numbered 4, respecting said ruling, and in sustaining said ruling of the referee. The referee should have excluded the lien. *McWilliams v. Allen*, 45 Mo. 593; *Coe v. Ritter*, 86 Mo. 287; *Rude v. Mitchell*, 97 Mo. 373; *Smith v. Healey*, 41 Mo. App. 621; *Standish v. Petitt*, 2 Mo. Leg. News, 442; *Lewis v. Cutter*, 6 Mo. App. 55; *Heinrichs v. Gymnastic Society*, 8 Mo. App. 588; *Foster v. Wolfing*, 20 Mo. App. 85.

*F. H. Bacon* and *M. Meriwether* for respondents.

The statement of account contained in the lien filed in this case was sufficient in law. The contract being for one lump price for the complete job, it was not possible to make a just and true account in any other way than setting out the lump price for the work under the contract. *Busso v. Fette*, 55 Mo. App. 453; *Hilliker v. Francisco*, 65 Mo. 599; *Kern v. Pfaff*, 44 Mo. App. 34; *Grace v. Nesbit*, 109 Mo. 9.

BOND, J.—This is a suit by an original contractor to enforce a mechanic's lien. The petition contained the necessary jurisdictional averments, and joined the mortgagees of the land as defendants with the owner and her agent who executed the contract. The contract price sued for was made up of a large number of items, and was subject to numerous credits, and there was also a claim for extra work embracing a number of items. The answers of defendants admitted the execution of the mortgage and the ownership of the property by defendant Mary E. Hood, and averred that the building contract sued on was executed by William B. Hood, and set up certain counterclaims in his favor as arising thereunder. The reply of plaintiffs denied the new matter in the several answers, and averred that the contract was made by William B. Hood as agent and acting for Mary E. Hood. The issues were sent to a referee for trial, who reported, upon the evidence taken, a recommendation of judgment in favor of plaintiffs against Mary E. Hood for $1,129.56, with a lien upon the premises, or, at plaintiff's election, a personal judgment against her for a larger sum without a lien. The defendant, Joseph T. Donovan, mortgagee, duly perfected his appeal to this court from the judgment of the circuit court overruling his exceptions to the referee's report and confirming the same.

On the hearing before the referee there was substantial evidence tending to support his finding as to the fact and amount of indebtedness and the ownership of the property, as well as the right of plaintiffs to a mechanic's lien thereon, provided it can be held that the lien account filed in this cause is a sufficient statement under our statute. Appellant objected to its sufficiency at every stage of the trial before the referee in the circuit court, and assigns its insufficiency as the ground of reversal in this cause. The lien account is to wit:

"St. Louis, June 27, 1891.

"William B. Hood and Mary E. Hood in account with Abbott and George, Dr.

April 1, 1891. To all material and labor in constructing complete (including painting, furnace, filter, electric wire and plumbing) the three story frame building on lot 24 of Clemens Place, which, at the price agreed on, amounts to the sum of $5,700, exclusive of the extras hereinafter stated, which contract price, and account itemized, is as follows (said work being done, and material furnished between August 1, 1890, and April 1, 1891):

| | | | |
|---|---|---|---|
| To excavating for cellar and foundation | $ 26 40 | | |
| Sewering for same | 12 00 | $ | 38 40 |
| To rubble stone and work on foundation and cellars. | 355 00 | | |
| Lumber for house | 762 45 | 1,117 | 45 |
| To cement, concreting cellar | 70 00 | | |
| Building chimney and material | 200 00 | 270 | 00 |
| To plumming outfit complete | 329 00 | | |
| Galvanized work, cornices, roof and pipes | 150 00 | 479 | 00 |
| To plastering, including material | 453 00 | | |
| Painting, glazing and oiling | 351 00 | 804 | 00 |
| To millwork, being frames, doors, windows and finish materials | | 615 | 00 |
| To stair work and credit for same | 162 00 | | |
| Building paper | 28 99 | 190 | 99 |
| To hardware, locks and fixtures | 110 00 | | |
| Filter | 110 00 | 220 | 00 |
| To Furnace | 250 00 | | |
| Electric outfit | 84 00 | 334 | 00 |
| To carpenter work, including wages paid to workmen. | | 1,200 | 00 |
| To allowance for profit and contingencies | | 431 | 16 |
| Total | | $5,700 | 00 |

Abbott v. Hood.

April 1, 1891,

| | | |
|---|---:|---:|
| Amount as above..... | | $5,700 00 |
| To 3 extra windows on 2nd floor.. | | 50 00 |
| To china closet off dining room | | 20 00 |
| *Survey of lot* | $ 15 00 | |
| Rebuilding chimney | 35 00 | 50 00 |
| Iron anchor for chimney | 2 50 | |
| Repairing roof of attic | 19 00 | 21 50 |
| *Preparing plans and specifications* | | *100 00* |
| | | |
| Total debits. | | $5,941 50 |

Cr.

By certain payments, at sundry times, orders between September 1, 1890, and April 1, 1891, as follows:

| | | |
|---|---:|---:|
| For rubble work | $355 00 | |
| Mill work | 640 00 | $ 995 00 |
| For paint and glass | 351 00 | |
| Stairs, $70; credit 92 00 | 162 00 | 513 00 |
| For plastering | 447 00 | |
| Electric | 84 00 | |
| Concrete | 70 00 | 601 00 |
| For filter, $110; $250; lumber, $762.45 | | 1,122 45 |
| For hardware $110; pluming $329; sheet mental $96 | | 535 00 |
| For building paper | 28 99 | |
| September 17, 1890, cash $350; November 1, 1890... | 700 00 | 728 99 |
| | | |
| Total credits | | $4,495 44 |
| | | |
| Balance due | | $1,446 06 |

The court rejected the items italicized, and rendered judgment for the residue.

It has been recently held by this court that a lumping charge in an account filed as a mechanic's lien is sufficient where it is a fact, and the account so states, that there was a special contract for the sum charged for the work, and a suit is brought thereon by the original contractor. *Busso v. Fette*, 55 Mo. App. 453. To the same effect is *Grace v. Nesbitt*, 109 Mo. 9. The cases cited by appellants were fully considered when these two opinions were rendered, and must be held to conform to the latest statement of the law on this

subject.    The doctrine thus announced clearly sustains the report of the referee as to the sufficiency of the lien account *supra.* As the other points are without any substantial merit, the judgment of the circuit court will be affirmed.    All concur.