NATIONAL PRESS BRICK COMPANY, Respondent, v. W. H. LESTER CONSTRUCTION COMPANY et al., Defendants; DAVID A. BLANTON et al., Appellants.

St. Louis Court of Appeals, November 4, 1913.

1. **MECHANICS' LIENS: Sufficiency of Statement: Lumping Charges.** In an action by a materialman to enforce a mechanic's lien, evidence *held* to show that the materials specified in the statement filed were sold at one price for the whole lot specified.

2. ———: ———: **Itemizing Prices: Lumping Charges.** Sec. 8217, R. S. 1909, requiring a materialman seeking to enforce a mechanic's lien to file a just and true account, does not necessarily require him to file an itemized account as to prices, but on the contrary, to be "just and true," the account filed should accord with the real transaction; if various items are sold at different prices, a lump price for the whole would not be a just and true account, but if a group or lot of materials are sold at

one entire price for the whole, an attempt to itemize the prices would be to arbitrarily apportion the entire price among the various items, so that the account would not be in accordance with the real transaction and hence would not be a just and true account.

3. ——: ——: ——: ——. Where a materialman seeking to enforce a mechanic's lien and the contractor made an agreement before all of the materials' embraced in the account were delivered, that, in view of certain changes made in the contract, the contract prices for the different items would be disregarded and a reasonable lump price made for the entire lot, to be agreed upon by them, a statement of the account filed by the materialman, which itemized the materials, and set out a lump price for the entire lot, as fixed by the materialman and contractor, pursuant to such agreement, after all of the materials had been delivered, was not vulnerable to the objection on the part of the owner that it was not a "just and true" account, under sec. 8217, R. S. 1909, for the reason that the materialman and contractor had no right, as against the owner, to fix a price after the delivery was complete, and, therefore, the reasonable values of the different items should have been set out, but, on the contrary, the statement was in accordance with the transaction and hence was sufficient.

4. ——: Value of Materials: Agreement Between Materialman and Contractor: Evidence. Where a materialman seeking to enforce a mechanic's lien and the contractor agreed, before all of the materials were furnished, that, in view of certain changes made in the contract, the contract price would be disregarded and a reasonable lump price made for the entire lot, to be agreed upon by the contracting parties, evidence of the lump price agreed upon between them was admissible, although such price was not fixed until after the deliveries were complete, and, as against the owner, was prima-facie proof of the reasonable value of the materials, but was not conclusive.

Appeal from St. Louis City Circuit Court.—*Hon. James L. Withrow*, Judge.

AFFIRMED.

*Robert L. McLaran* for appellants.

(1) The statute makes it the duty of the contractor or the subcontractor to file with the clerk of the circuit court within the designated time "a just and true account of the demand due him or them, after

all just credits have been given, which is to be a lien upon the building," etc.   Revised Statutes of Missouri 1909, section 8217.   There must be an account which answers to the ordinary signification of the term.   Rude v. Mitchell, 97 Mo. 365.   (2)   The account must show what the materials were, what work was done, and the prices charged.   In the absence of the items, the owner has no basis for an investigation of either their reasonableness or lienability.   Cahill, Collins & Co. v. Orphan School, 63 Mo. App. 28. (3)   Where materials are sold and delivered upon open account without any agreement as to price, the fact that the subcontractor and the original contractor, after the sale and delivery is complete, agree upon a specified sum as to the amount due for the sale and delivery of the materials, does not make the transaction a sale under a lumping contract for a lump price so as to authorize a lump charge therefor, in the lien statement.   The owners are not bound by such subsequent agreement, and the evidence of it is wholly inadmissible against them.   Grace v. Nesbitt, 109 Mo. 9; Phillibert v. Schmidt, 57 Mo. 211; Deardorf v. Everhart, 74 Mo. 211.

*Paul U. Farley* for respondent.

(1)   There can be no valid objection to the form of the lien account in this case.   Mitchell Planing Mill Co. v. Allison, 138 Mo. 58; s. c., 71 Mo. App. 252.   (2) We do not contend that the agreement upon price between the subcontractor and the original contractor was binding upon the owners, but do contend that it was prima-facie evidence of the market value.   It cannot be considered an admission of the contractor, in a legal sense, such as are referred to in the following cases, cited under this point by appellants:   Phillibert v. Schmidt, 57 Mo. 211; Deardorf v. Eberhart, 74 Mo. 37; Grace v. Nesbit, 109 Mo. 9.

ALLEN, J.—This is an action to enforce a mechanic's lien. The only question involved in the appeal pertains to a lumping charge in the lien account filed. The debit side of the lien account is as follows:

March 8, 1910—To 2,000 Common Brick
(8¼x2¼x4) ...........................$ 15.00
April 6, 1910—To 3,000 Common Brick
(8¼x2¼x4) .......................... 22.50
May 31, 1910—To 10,000 Common Brick
(8¼x2¼x4) .......................... 75.00
June 1-29, 1910—To 137,000 Common Brick
(8¼x2¼x4) .......................... 1027.50
June 23-Sept. 9, 1910—To 16,491 Enamel
Brick, Special Sizes, as itemized on Statement (A) ............................ 2243.43
July 5-16, 1910—To 81,000 Common Brick
(8¼x2¼x4) .......................... 607.50
July 13, 1910—To 8,000 Enamel Stretcher
Brick ...................................... 800.00

$4790.93

Then follow various credit items totaling $2531.48, leaving a balance of $2259.45, for which amount the lien is sought to be enforced. The lumping charge in question is that for the 16,491 enamel brick, totaling $2243.43. Attached to the account is "Statement A," which, without specifying dates or prices, gives in detail the number of different kinds and sizes of enamel brick furnished. There was judgment below sustaining the lien, from which the owners of the property have appealed.

Appellant takes the position that the lumping charge in question is not authorized under the mechanic's lien statute, in view of the evidence relating to the purchase by the contractor, W. H. Lester Construction Company, of these enamel brick from the brick company, respondent herein.

The evidence reveals that the contractor furnished the plaintiff with a list of various enamel brick, of different shapes and of special sizes, and that the plaintiff quoted the contractor certain prices for the various classes of brick contained in this list; and quoted a price of $7.50 per thousand on the common brick. The plaintiff did not manufacture the enamel brick, but purchased the same from a manufacturer, and informed the contractor that its quotations were based on shipments of carload lots, and that if less than carload lots were required, the prices would be subject to additional charges for packing in barrels and freight or express above the regular carload rate. Plaintiff made these quotations in writing, and the contractor signed a written acceptance of the same, which paper constituted the contract between the parties at that time.

On behalf of plaintiff, its secretary and salesmanager, Charles W. Irwin, testified that after plaintiff had commenced to make deliveries under the above contract, and as the work progressed, a number of changes were made in the original list that had been furnished plaintiff, and that the contractor ordered a great many enamel brick of special shapes and sizes which were not contemplated by the original contract, and that in many instances it was necessary that these orders be filled very quickly; that the matter became so complicated on account of these extra orders and the special brick required, and the fact that the original prices were on a carload basis, whereas the brick furnished under the special orders had to be packed in barrels and shipped by local freight, that the witness interviewed Mr. Lester, representing the Contractor Company, telling him that prices could not be at once quoted on these special orders; and that it was thereupon agreed between the plaintiff and the contractor to treat this entire lot of enamel brick, i. e.,

177 Mo. App. 37

special sizes itemized on "Statement A," in disre-
gard of the original contract of the original prices;
that the plaintiff would make a reasonable price for
this entire lot; and that plaintiff and the contractor
would afterwards go over the matter and agree upon
what these brick were worth. It appears that the last
delivery was made on September 9, and this witness
testified that, on September 15, he had a further con-
ference with Mr. Lester, the contractor's representa-
tive, at which time they agreed that the total price of
$2243.43 would be reasonable for the entire special lot
of brick.

In cross-examination this witness testified that the
enamel brick in question were sold "on open account,"
on the understanding that the price would be reason-
able "on the winding upon of the contract;" that he
said to Mr. Lester, "now we will get all these special
sizes here, Mr. Lester, and we will then have the bills
from the company, showing what they cost, and we
will put these specials all in one lot and agree upon a
price;" that it was agreed to disregard the contract
prices, and that the plaintiff would make one entire
price, which price would be reasonable, and that the
parties would undertake to agree as to what would
be a reasonable price for the total.

The cause was referred by the lower court to W. K.
Koerner, Esq., of the St. Louis Bar, to try all of the
issues, and we quote that portion of the referee's re-
port in which the latter deals with the lumping charge
for the item here under consideration, as follows:

"Defendants contend that this 'lumping' charge
is improper, for the reason that this special brick was
not furnished for a 'lump' price agreed upon prior to
the sale. Therefore, say defendants, the brick was
furnished on an open account and the full particulars
of this account should be set forth. The fact is, as
shown by the evidence, that the delivery of these brick
was commenced under the terms of the contract of Jan-

uary 19, 1910, whereby specific brick were agreed to
be sold for specific prices, but that, during the progress
of the delivery of such brick, said contract, in so far
as it pertains to the special brick, was abrogated, by
mutual agreement, both as to quantities and prices
and it was thereupon agreed between the parties that
after all special brick that might be furnished by plain-
tiff had been delivered, plaintiff and the Lester Con-
struction Company would agree upon a lump price
therefor. Pursuant to this agreement, plaintiff fur-
nished the brick itemized in 'Statement A,' annexed
to this lien statement, and subsequent to the delivery
of all of this brick, plaintiff and defendant Lester
Construction Company agreed upon a lump price of
$2,243.43 therefor. The question now presented is
whether or not a statement of account itemizing the
material thus delivered, and then making a lump charge
for the whole thereof, is a 'just and true account'
within the meaning of section 8217, Revised Statutes
of 1909. The referee is of the opinion that under the
decisions of Grace v. Nesbitt, 109 Mo. 9, and Planing
Mill Co., v. Allison, 138 Mo. 50, this account substan-
tially complies with the statute. These cases proceed
upon the theory that the purpose of the statute in re-
quiring an account of the demand due to be filed is to
advise the owner of the amount and quantity of ma-
terials furnished, and the amount due therefor, in or-
der that the correctness and justness of the demand
may be investigated, and that the owner may be able
to retain from the contractor enough of the contract
price to discharge the claim; that if a lump price is
agreed upon between the parties, no other price can
be specified so that the account will be 'just and true,'
and that to place a value on each item of the account
would be to arbitrarily apportion the entire amount
among the respective items. As stated in the case of
Grace v. Nesbitt, supra, l. c. 18: 'The materials were
bought in a lump for an entire price, and this appears

from the account filed. In such case no detailed statement of the values of items could have been given more accurately than as an estimate which could have been made as well by the owner. What the owner wanted to know was the price paid so he could not be charged more.'

"It is true that in the above cases the agreement for a lump price was made prior to the sale of the materials, but the reasons given in these cases for the conclusions reached would be applicable whether the price agreed upon before or after the materials were furnished. In either event, the agreed price is the amount due from the contractor to the materialman, and this amount is due for the whole of the materials, and not as the aggregate of the several amounts due for the respective items.

"Defendants contend that this lump price agreed upon subsequent to the sale is analogous to a balance due on an account, and not to a complete account. This analogy, however, is not apparent to the referee. Here the items sold are specified in full; the price of the whole is stated, and all credits are duly given. The statement of a balance, merely, gives no information as to the original amount of the account, of what items it consisted, or what has been paid thereon. The account presented gives full information on all of these subjects."

The question involved is not without difficulty, but a careful consideration of the testimony in the record leads us to the conclusion that the materials specified in "Statement A" must be regarded as having been sold at one price for the whole, as found by the referee. The materials themselves are fully itemized on this list, and therefore the account is not objectionable as for failing to fully disclose the nature and amount of the materials. In fact, the only objection made to the account is to the lumping charge, upon the ground that the prices should be specified for the va-

rious items.  This would undoubtedly be a valid objection to the account but for the agreement to disregard the contract and the contract prices as to this entire lot of brick, and that plaintiff would make a reasonable price for the whole.  Such, it appears, was the agreement, and in accordance therewith a total price was afterwards made and was agreed upon between plaintiff and the contractor as being a reasonable lump charge.

The statute requires the lienor to file a just and true account, but from the authorities referred to above, it is quite evident that this does not necessarily mean an itemized account as to prices.  On the contrary to be "just and true" the account filed should accord with the real transaction.  If various items are in fact sold at different prices therefor, a lumping price for the whole could not be a just and true account; but on the other hand if a group or lot of materials are in fact sold at one entire price for the whole, then for the lienor to undertake to itemize the prices, would be to arbitrarily apportion the entire price among the various items, and such an account would not be in accordance with the real transaction and would not be a just and true account.

The appellant takes the position that it appears from the testimony that the items on "Statement A" were sold on open account, and that when the deliveries were complete, the rights and obligations of the parties became fixed, and that no agreement between plaintiff and the contractor made thereafter could affect the situation.  This appears, however, to overlook the fact that the evidence shows that there was an agreement prior to the last delivery, to the effect that owing to the circumstances involved, the parties would abrogate and disregard the original contract and its prices, and that the plaintiff might make one entire price for the whole of the materials here in question.  That a definite price was not then agreed upon, but

was merely to be a reasonable price, would not seem to change the character of the ultimate agreement as to the manner in which the price was to be made, to-wit, that it was to be one entire price for the whole, instead of special charges for the various items. It is true that the parties might not have been able, after the deliveries were complete, to agree upon what would be a reasonable price; but in any event, from the testimony, it appears that they did agree that a reasonable price should be made for the whole, from which it would appear that, for the account to accord with the real transaction and to be just and true, it should show one entire price rather than to specify prices for the various items.

In this view, we are of the belief that the plaintiff's account falls within the decisions in Mitchell Planing Company v. Allison and Grace v. Nesbitt, supra. And it would seem that the cases of Rude v. Mitchell, 97 Mo. 365, 11 S. W. 225 and Cahill, Collins & Company v. Orphans School, 63 Mo. App. 28, relied upon by appellant are not here controlling. In the former there was a lumping item for the whole contract price, together with certain lumped items for extras, with no attempt to itemize the labor and material furnished. In the latter there was a lumping charge as follows: "17 other items amounting to $4394.00." The decision in each of those cases must be confined to the particular facts there appearing with respect to the account filed. This is likewise true of McWilliams v. Allon, 45 Mo. 573, cited by appellant, where the account merely showed a balance without stating the antecedent elements which produced the supposed result; and of Kern v. Pfaff, 44 Mo. App. 29, to which we are referred, wherein it clearly appears that a portion of the materials consisted of wall paper, which was sold at a certain price per roll.

Appellant urges that the agreement made between plaintiff and the contractor, after the deliveries were

complete, to the effect that the lump price was reasonable, amounted to nothing more than an admission on the part of the contractor respecting the reasonable value, and was not admissible to bind the owner under the rulings in Grace v. Nesbitt, 109 Mo. 9, l. c. 20; Phillibert v. Schmidt, 57 Mo. 211; and Deardorf v. Eberhart, 74 Mo. 37.

In Grace v. Nesbitt, supra, the character of the declarations of the contractor do not appear. In Phillibert v. Schmidt, supra, it is held that admissions of the contractor, made after the purchases were complete, to the effect that the materials went into the building in question, were not admissible against the owner.

In Deardorf v. Eberhart, supra, it is held that declarations of the contractor that the materials were purchased for the building, although made when they were obtained, are not evidence against the owner. It is there held, however, that the price agreed upon between the contractor and the materialman is *prima facie* evidence of the reasonable value of the materials.

It would seem that these cases are not decisive of the question of the admissibility of the subsequent agreement here in question, to the effect that the total price was reasonable; and that the entire transaction may be shown in evidence, the total price agreed upon being merely *prima facie* proof of the reasonable value of the materials in question. It was not conclusive; but inasmuch as appellant produced no further proof on this score, it was sufficient to justify the referee's finding as to reasonable value.

For the reasons given above we think the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.